MOYER v. EAST SHORE TERMINAL COMPANY.[1]

1. CORPORATION—EMPLOYEES—BY-LAWS—EVIDENCE.—The principle, that a

[1] With this case in 25 L. R. A., 48, is a note on the effect of corporate by-laws as notice, showing that a conflict of decisions previously existing has been settled in accordance with the present decision.

stranger dealing with a corporation through its officer is not bound to inquire into its by-laws, to ascertain whether such officer has authority to act, is applicable to one who takes employment by the year on the appointment of a general manager, to whom the "absolute charge" was given in writing. Therefore, in action by this employee to recover a balance due him by the corporation for the last seven months succeeding his dismissal in his second year, the trial judge properly refused to receive in evidence the by-laws of the corporation, offered by defendant to show that the general manager had no authority to employ any one by the year; particularly so where the general manager had been given "absolute charge" by letter from the president, the plaintiff had held his position unquestioned for seventeen months, was then asked to resign, and finally dismissed for cause, as alleged.

2. IBID.—IBID.—IBID.—IBID.—Doubted whether the uncommunicated by-laws of a corporation would be evidence against the subordinate employees in any case.

Before IZLAR, J., Charleston, June, 1893.

Action by C. Moyer against the East Shore Terminal Company, commenced January 13, 1893. Verdict was for plaintiff, and defendant appealed.

*Messrs. Mitchell & Smith,* for appellant.

*Mr. J. N. Nathans,* contra.

April 20, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The only question made by this appeal is whether his honor, Judge Izlar, erred in ruling certain testimony offered by defendant, appellant, to be incompetent. For a proper understanding of this question it will be necessary to make a brief statement of the nature of the action and of the testimony adduced by the plaintiff to sustain his claim. In the second paragraph of the complaint the plaintiff alleges, substantially, that on the 23d July, 1891, he was employed by the defendant as agent, by the year, at a salary of $1,800 per year, payable monthly. In the third paragraph the allegation, substantially, is, that on the day named plaintiff entered upon his duties and duly discharged the same until the 18th of November, 1891, and was then, and always thereafter,

until the 23d July, 1892, ready and willing to perform said duties. 4th. That on the 18th of November, 1891, the defendant refused, and continues to refuse, to allow plaintiff to discharge the duties of his employment; and judgment is demanded for the balance due him on his salary up to the 23d July, 1892.

In the answer defendant denies the allegations contained in the second and third paragraphs of the complaint; and in answer to the fourth paragraph of the complaint, defendant says that the employment of defendant was duly terminated on the 1st of December, 1891. So, that the only issue was whether plaintiff was employed by the year and entitled to his salary up to the end of the year terminating on the 23d of July, 1892.

The plaintiff, without objection, offered testimony tending to show, that he was employed by Gaddis, the general manager of the defendant company, on the 23d of July, 1890, by the year, to serve the company as agent, at the salary stated in the complaint; that he continued in such employment up to the 19th of November, 1891, when the defendant company refused to allow him to continue such service; that on the 20th of October, 1891, one Swanitz, who seems to have been the consulting engineer of the company, asked plaintiff for his resignation, which he declined to give; that a few days after Swanitz offered to employ plaintiff as book-keeper, at a salary of $75 per month, if he would resign his position as agent, which was, likewise, declined; that on the 31st October, 1891, plaintiff was formally notified in writing, signed by the vice-president of the company and countersigned by said Swanitz, as consulting engineer, that he was discharged *for cause;* that Gaddis, who appointed plaintiff as agent, when applied to to become the general manager of the company, by a letter from the president of the company, written from New York, where the office of the company seems to have been located, was told, in said letter, amongst other things: "You are to have absolute charge there," and in a short time afterwards he received his appointment in writing, signed "East Shore Terminal Company, by Geo. A. Evans, president."

After this testimony, and other which it is not deemed necessary to state, was offered, the plaintiff closed, and the defendant, in offering its testimony, which is not set out in the

"Case," offered in evidence the by-laws of the East Shore Terminal Company, "to prove that no officer of the company, except the board of directors, was authorized to make contracts for service for the period of a year." To the evidence thus offered, plaintiff's counsel objected, and the court sustained the objection, to which ruling defendant duly excepted, and the only question is as to the correctness of such ruling.

It seems to be conceded, in the argument of counsel for appellant, that a stranger, in dealing with a corporation, is not bound to inquire into the by-laws of such corporation in order to ascertain whether the officer or agent with whom he is dealing, has authority to act; but whether conceded, or not, the case of *Walker* v. *Railroad Company*, 26 S. C., 80, is sufficient authority to sustain that proposition. For, as was said in that case: "Now it is well settled that a corporation may contract, and be contracted with, through an agent whose authority may be implied from facts and circumstances showing recognition or ratification by the corporation. Indeed, it seems that the same presumptions are applicable, in this respect, to corporations as to natural persons." See, also, to same effect, *McCreery* v. *Garvin*, 39 S. C., 375, likewise cited by counsel for respondents.

But it is contended that the plaintiff here is not a stranger, but is an employee of the company, and, therefore, bound to take notice of the by-laws of the company. While it may be quite true that the plaintiff is not now a stranger, yet he certainly was so when he entered into the contract, upon which this action was based, with the general manager of the company, who, when he was appointed, was told by the president of the company: "You are to have absolute charge there," and who, therefore, plaintiff had a right to assume, was invested with full authority in the premises. And when to this is added the facts that the plaintiff entered upon the work for which he was employed and continued to discharge the duties of his office for more than a year without any demur or complaint upon the part of the company, or any of its officers or agents, until after a considerable portion of the second year had elapsed; and when the company, by its attempt to obtain from the plaintiff

the *resignation* of his office, and by its threat of discharge *for cause,* had thereby practically recognized the legality of the appointment made by the general manager (for it would be absurd to ask for the resignation of an office which had never been conferred, or to discharge for cause a person from an office which he never held), it seems to us that it is too late now for the company to attempt to shield itself from the performance of a contract made by its general manager with a subordinate official, who was, apparently, invested with the authority to act for the company—"you are to have absolute charge there"— by interposing a provision in its by-laws, which had never been communicated to the general manager or to the plaintiff, forbidding the making of such contract. We think, therefore, that there was no error on the part of the Circuit Judge in refusing to admit the by-laws as testimony in this case.

We are not prepared to admit that the by-laws of a corporation, which have never been published or communicated to its subordinate officers or employees, are competent evidence against such subordinates in any case. The by-laws of a corporation are usually in the possession, and under the control, of the corporation, and until proper measures are taken to inform the subordinates and employees of their contents, we do not see how they can be held bound by provisions in the by-laws, of which they have never been informed.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.