### 8629

#### BECK v. NORTHWESTERN R. R. CO.

AMENDING PLEADINGS—DISCRETION—ANSWER.—A Circuit Judge has the power to permit an answer of a railroad company in a suit for damages for taking the soil of another, in which it claims the right to the soil, to be amended to set up that the soil was removed by an independent contractor as there is no abuse of discretion shown here. *Divided Court.*

Before WILSON, J., Sumter, October, 1912.    Affirmed.

Action by Julia V. Beck against Northwestern Railroad Company.    Plaintiff appeals.

*Messrs. L. D. Jennings* and *R. D. Epps,* for appellant, cite: *As to amendment:* 74 S. C. 236; 80 S. C. 213; 81 S. C. 574; 91 S. C. 51. *As to abuse of discretion:* 47 S. C. 498; 92 S. C. 33.

*Messrs. Lee & Moise* and *Purdy & Bland,* contra, cite: *As to amendment:* 81 S. C. 578; 30 S. C. 575; 74 S. C. 236; 30 S. C. 564; 53 S. C. 577, 259. *As to abuse of discretion:* 92 S. C. 297; 31 S. C. 378.

July 30, 1913. The opinion of the Court was delivered by

Mr. Chief Justice Gary. This is an appeal from an order allowing the defendant to amend its answer in certain particulars.

The exceptions raise two questions, the first of which is whether his Honor, the Circuit Judge, had the power to allow the amendments.

The case of *Taylor* v. *R. R.,* 81 S. C. 574, 62 S. E. 1113, which has been affirmed in numerous subsequent cases, is conclusive of this question, and shows that the exceptions raising this question cannot be sustained.

The next question is whether there was an abuse of discretion.

The appellant has failed to satisfy this Court that there was error in this respect, and the exceptions raising this question are also overruled.

Appeal dismissed.

Mr. Justice Watts. I concur only in the result in the opinion of the Chief Justice, for the reason that I am loath to disturb the action of the Circuit Judge in the exercise of his discretion unless there is abuse, and I cannot say there is. As to what effect the amendment allowed will have in view of the decision of this Court in *Abbott* v. *Lumber Co.,* 93 S. C. 131, it is at this time unnecessary to consider.

MR. JUSTICE FRASER, *dissenting.* I cannot concur in the opinion of the Chief Justice.

The plaintiff claims to own a tract of land through which the defendant is operating a railroad, and that the railroad company is making excavations on the land along the railroad and carrying away the soil. That the land belongs to the plaintiff and she is damaged thereby. She demands damages and asks for an injunction.

The suit was commenced in July, 1910. Judge Memminger issued a restraining order. The case shows that the defendant made a motion before Judge Wilson on the 25th July, 1910, to dissolve the restraining order and it was granted.

The case shows that "during the argument on this motion, one of the points made by one of the attorneys for the defendant was that the defendant company was well able to respond in damages, and therefore the restraining order should be dissolved." The answer of the defendant was sworn to on the 6th August, 1910. The answer admitted the acts complained of and justified under claim of right. In October, 1912, the defendant applied to Judge Wilson for, and obtained, an order allowing it to amend its answer setting up the defense of "independent contractors." From this order this appeal is taken.

I think this appeal ought to be sustained and the order appealed from reversed for the following reasons:

Amendments are ordinarily within the discretion of the Circuit Judge, but there are limits.

1. The defendant claimed to own the land and justified under a claim of right. It admitted that it was making the excavations and that it was using the dirt for its own purposes, and asked the Court to allow it to continue. If they were doing this through Williams & Company, then under *Abbott* v. *Sumter Lumber Company,* 93 S. C. 131, Williams & Company were not independent contractors, but

servants, and defendant is responsible for their acts. The amendment was either unnecessary or unavailing.

2. The case shows that Judge Memminger issued a restraining order. That this order was vacated. "During the argument on this motion one of the points made by one of the attorneys for the defendant was that the defendant company was well able to respond in damages and therefore the restraining order should be dissolved."

It seems to me that when a defendant comes into Court and admits the acts, justifies by a claim of right and induces the Court to allow it to continue to do the things complained of, claiming that it is well able to respond in damages, an amendment setting up the defense of independent contractors ought not to be allowed. Certainly not, unless there is a clear showing that the independent contractors are also amply able to respond in damages, and that they are within the jurisdiction of the Court. The defendant is asking a favor, not demanding a right. The defendant knew in August, 1910, when it framed its answer, all the facts about the independent contractor, that it knew in October, 1912, when it secured the order allowing the amendment. Of course, the high character of the parties in this case negative a design to do what is wrong, but this case is a precedent and it is easy to see what abuses may creep into the administration of justice in this State if this amendment is allowed. A person or corporation "well able to respond in damages" can look over the State and take whatever property it pleases. If stopped in the taking, it says, "Yes, I took it. It is mine, but I am well able to respond in damages." The Court withholds its hand. It takes the balance. The litigation is continued for years until it has gotten all it wants, and then shall it be allowed to amend and say, "I am not liable and never was?"

I do not think the amendment should be allowed.

MR. JUSTICE HYDRICK *concurs.*