8975

BECK v. NORTHWESTERN R. R. CO. OF S. C.

(83 S. E. 335.)

ATTORNEYS AT LAW.   AGREEMENTS AS TO EVIDENCE.   CONDUCT OF TRIAL.
RAILROAD RIGHTS OF WAY.   NOTICE.   INNOCENT PURCHASER.

1. Agreements between council as to waiver of formal proof and admission of documentary evidence are binding on the parties until the action is finally disposed of, unless set aside for fraud.

2. Where a railroad company having a right to acquire by condemnation a right of way seventy-five feet in width from the center of its track, enters upon land under a written contract with the owner giving it a right of way one hundred feet in width from the center of its track, and builds and operates its road over said lands, it is for the jury to say whether a subsequent purchaser of the land, whose husband and agent while in the railroad's employment ran over the road, and knew of its location on this land, and claimed from the common grantor, had notice sufficient to put her on inquiry as to the width of defendant's right of way, where the written agreement although not probated, as required by statute, was actually recorded in the office of the register of mesne conveyance.

·3. A subsequent purchaser of lands over which a railroad is being operated is not to be treated as an innocent purchaser with notice only extending to the right of way actually occupied by or necessary for the operation of the road, because of the deed granting the right of way not being probated and improperly recorded, where there are other facts and circumstances in evidence, the sufficiency

---

FOOTNOTE.—See note as to effectiveness as actual notice of recorded instrument not entitled to record, and the limitations of the general rule, in 27 A. & E. Ann. Cas. 1913b, 1070 to 1078, and 38 L. R. A. (N. S.) 400, and 1 L. R. A. 192. Also see note as to burden of proof as to *bona fides* of subsequent purchaser claiming against prior unrecorded conveyance or incumbrance in 36 L. R. A. (N. S.) 1124. As to the effect of an unrecorded agreement, not incorporated in conveyance, restricting use of property, upon successor in title, see note in 49 L R. A. (N. S.) 357.

of which to put her upon inquiry or notice should be submitted to the jury.

4. A judgment restraining defendant railroad company from using more than 25 feet on each side of the center of its roadbed as a right of way, and in favor of plaintiff for the removal of soil along the side of the right of way outside of such strip, *held* erroneous.

MR. JUSTICE FRASER *dissenting.*

Before SEASE, J., Sumter, November, 1913. Reversed.

Action by Julia V. Beck against Northwestern Railroad Company of South Carolina. From decree in favor of plaintiff, granting an injunction against the defendant, the latter appeals.

The first, fourth, fifth and ninth exceptions to the charge were as follows:

*First.* There was error in permitting the plaintiff to withdraw and annul the stipulation in writing dated June first, 1911, entered into and signed between the respective counsel in this cause, no sufficient legal reason having been given by the plaintiff or her counsel for the withdrawal of such stipulation, or for asking to rescind the same, and not be bound thereby, and, not requiring the plaintiff to abide by such stipulation and prejudicial to the defendant, in that it was deprived of the right to introduce in evidence without proof of the execution and delivery of the same, papers, books and documents referred to in such stipulation, and to have the full benefit of the same, and particularly the agreement therein referred to, made by J. Adger Smyth and others with the Eutawville Railroad Company, dated the ———— day of ————, 1887, and recorded in the clerk's office for Sumter county, S. C., on April 28th, 1891, in Book FFF, page 29,

*Fourth.* The defendant requested his Honor to charge the jury as follows: "(a) I charge you that Mrs. Beck cannot take any higher right than J. Adger Smyth could have, were he suing." This request was refused, and there was error

in so doing.   Both plaintiff and defendant claim from J. Adger Smyth and as no other claim was made or established by the plaintiff, save through him, it was error to refuse said request to charge, the same embodying a correct proposition of law.

*Fifth.* The defendant requested the Court to charge as follows:

"Second. Mrs. Beck claims title through J. Adger Smyth, and if J. Adger Smyth signed the agreement which you heard read from the book of record (FFF, p. 29) by counsel for the defendant, or if Mr. Smyth authorized that paper to be signed or ratified it, if it was signed by some one else using his name, then the defendant could remove obstructions and take away the soil from one hundred feet on each side of its track."   This request was refused, and there was error in such refusal to charge, for that the agreement referred to in such request having been put in evidence and such agreement being to the effect that the said J. Adger Smyth (and the others who signed it) "will grant, release and convey to said Company (referring to the Eutawville Railroad Company, the predecessor in interest of the defendant in its grantor by intermediate conveyances) "a piece or strip of land for a roadway extending in breadth one hundred feet on each side from the center of main track of said proposed railroad, and in length from the point where the proposed line of said railroad enters the said tract of land of us and each of us, to the point where it leaves the same, with such further land as may be sufficient and necessary for stations, for freight, passengers, wood and water."   And it having appeared that the railroad was built in pursuance and contemplation of such agreement, and having taken possession of the land and laid its track upon it, the Eutawville Railroad Company and the defendant, as its successor in interest, acquired title in fee to the said parcel of land, in equity, perfected by possession and use, and had a right to

dig up the soil and remove it and had the right to remove obstructions from it.

*Ninth.* Under the plaintiff's fourth and fifth requests his Honor charged the jury as follows:

" '4th. Under the law in this State, if a person or corporation enters into the possession of land under a verbal contract to purchase the same, then his possession is notice to subsequent purchasers for value, although no contract to purchase be recorded; but where the contract or instrument depended upon by the purchaser who goes into possession is in writing, and the same is not recorded, then his possession is not notice to subsequent purchasers of whatever might be conveyed by this unrecorded instrument.' I charge you that. That is the decision of the Supreme Court, announced by the Associate Justice Woods. 'But in this connection, I will also charge you that the Eutawville Railroad Company, the predecessor of the defendant company, having had a right by its charter to acquire sufficient rights of way by the different means then provided by law, then the physical presence of the defendant company would be notice to a purchaser of the land over which the road ran, of the right of the defendant company to such width of roadway as it was actually occupying, or as was actually necessary for the conduct of said road.'

"I charge you that, gentlemen. Of course, these are various and different propositions of law, and it may seem that some of the propositions are inconsistent, but they are not intended to be—not intended to be so construed by me, and I direct you to take my whole charge as a whole and not one single proposition, because all the law cannot be stated in one proposition.

"5th. It is for the jury to say what is the width of the right of way of which the plaintiff had actual notice, or by the exercise of due diligence should have had, and she would be an innocent purchaser of all that portion now claimed by the defendant company as a right of way, of which she had

no actual notice, if the jury finds that there is any.' I charge you that, gentlemen."

There was error in so charging the jury, for by such charges the right of the defendant was limited to such width of roadway as it was actually occupying, or as was actually necessary for the conduct of its road,—whereas the presence and occupation of the railroad track was in itself notice of all the rights which the defendant company had, and it was not sought to be proven in the case as to the exact width that was actually necessary for the conduct of the road, and it was proven that under its charter, it was entitled to seventy-five feet on each side of the center of its track, and that as successor in interest of the Eutawville Railroad Company, under its agreement with J. Adger Smyth, former owner of the land, it had one hundred feet on each side of the center of the track.

*Messrs. Lee & Moise* and *Purdy & Bland,* for appellant, cite: *As to agreements of counsel:* 55 S. C. 563; 103 U. S. 40; 1 Hill L. 32. *Omission of seal to deed:* 38 S. C. 417; 34 S. C. 401; 42 S. C. 138; 26 S. C. 160. *Notice of right of way to subsequent purchaser:* 72 S. C. 235; 67 S. C. 377. *Remedy for compensation:* 89 S. C. 555.

*Messrs. L. D. Jennings* and *R. D. Epps,* for respondent, *distinguish* 72 S. C. 332. *Effect of defective record; not notice:* 22 S. C. 332; 79 S. C. 357.

October 24, 1914.

The opinion of the Court was delivered by Mr. Justice Watts.

This was an action for injunction and damages for an alleged unlawful digging and removing soil along the side of the right of way on land claimed by the plaintiff. The case was tried by his Honor, Judge Sease, and a jury, at the November term of Court, 1913, for Sumter county, and

resulted in a verdict in favor of plaintiff in the sum of six hundred dollars, and on November 22, 1913, Judge Sease made an order enjoining the defendant from using more than twenty-five (25) feet on each side from the center of its roadbed as a right of way. After entry of judgment, defendant appeals, and by ten exceptions imputes error to the Circuit Court, and seeks reversal. The evidence in the case shows that both the plaintiff and the defendant claim from J. Adger Smyth as a common source of title; and that J. Adger Smyth, along with others in 1887, conveyed to the Eutawville Railroad the right of way in question, and by subsequent deeds and conveyances, and change of name and amendments of charters, the property was acquired by the defendant railroad company. The agreements conveying the right of way from Smyth and others, while not properly probated, were recorded in the register of mesne conveyance office for Sumter county on April 28, 1891. J. Adger Smyth did not sign himself the agreement conveying the right of way over his lands to the railroad; it was signed by his friend, Maj. R. C. Barclay, but he ratified, approved and confirmed Barclay's action. The plaintiff bought her land in 1904, the road was built in 1889. The husband, an unquestioned agent of the plaintiff, had been a locomotive engineer in the employment of the defendant and had operated as such over the railroad long before his wife, the plaintiff, purchased the land.

The first exception imputes error in permitting the plaintiff to withdraw from the stipulation entered into between counsel as to the admission of the records of Sumter county clerk's office to prove papers instead of proving them in the regular way. We think that his Honor was in error, this agreement was made between the attorneys of the respective parties, they consented to it, and it is binding and conclusive and could only be set aside for fraud. Parties cannot agree and by so doing lull a party into a sense of security and a lack of vigilance, and then repudiate a

solemn agreement, and inconvenience and injure the other party, by serving notice that the agreement is at an end. The agreement entered into was binding and effective until the case was finally disposed of, and the plaintiff after enter-- ing into it could not avoid it by serving notice. See *Jones and Parker* v. *Webb,* 8 S. C. 206, and cases therein cited.

The fourth and fifth exceptions should be sustained. Both parties claim from the same source, J. Adger Smyth. The plaintiff could not have any higher right than J. Adger Smyth. The Eutawville Railroad went into posses- sion under this agreement. Their entry was lawful, not *tortious;* the defendant is the successor in the interest of that road, and whatever rights it had acquired passed to the defendant. By that agreement one hundred feet was acquired from the center of the track. When the defendant purchased years after the road was constructed she knew the road was there. The charter gives the right to acquire seventy-five (75) feet from the center of the road- bed by condemnation. This agreement along with others was recorded in the office of register of mesne conveyance for Sumter county, and while not properly prepared for record so that the recording would be constructive notice to subsequent purchasers, still, it was a circumstance that should have been left to the jury to say whether they were such as would put her on inquiry. She had actual notice that the railroad was built and being operated across and over this land. She knew or should have known that both she and the defendant claimed from a common source, and she could have ascertained by inquiry either of Smyth or the railroad the extent of the railroad's claim. She cannot claim to be a subsequent purchaser for value alone from the fact that the agreement improperly recorded was no notice to her of the railroad's right. Under the Judge's charge she got the benefit of this holding; whereas, it should have been submitted to the jury to determine under all the facts and circumstances of the case, the railroad being there since

1889, and she purchasing in 1904, and all of the rights of way being recorded, but improperly recorded, and her husband, who was her agent and acted for her in the purchase of the land, having before the purchase been in the employment of the defendant and running over the road as a locomotive engineer, whether she had actual notice of the railroad's right of way or whether or not she had knowledge of such facts as were sufficient to put her on inquiry which, if pursued with due diligence, would have led to the knowledge of defendant's right and been equivalent to notice.

The road had been constructed, and was being operated, had been in operation for a number of years. The entry originally was by permission under an agreement giving to the railroad one hundred feet on each side from the center of the roadbed, and it should have been left to the jury to determine whether the plaintiff was an innocent purchaser for value without notice, or whether she purchased with actual notice, or had such notice that if she had been diligent would have informed her of defendant's rights.

3  His Honor virtually held that by reason of the agreement between Smyth and the railroad, not being probated, though recorded, that the plaintiff was an innocent purchaser with notice only extending to the right of way actually occupied by defendant company or such width as was necessary for the conduct of the road. We thinks that he was in error in restricting the jury to this; but that the jury should have been permitted to take into consideration all of the facts and circumstances of the case herein before indicated, and that it is unnecessary to consider the other exceptions as the judgment must be reversed and new trial granted, and order of injunction set aside.

New trial granted.

MR. CHIEF JUSTICE GARY and MR. JUSTICES HYDRICK and GAGE concur in the result.

MR. JUSTICE FRASER, *dissenting.* I cannot concur in the opinion of the majority.

In *Wolfolk* v. *Graniteville Mfg. Co., 22* S. C. 337, this Court held:

"The whole system of registry is artificial, and rests on the terms of the statutes; but as a deed must be proved before it can exist for any purpose, all laws upon the subject required some kind of probate, proof of its execution, as an undisputable prerequisite to its going on the record. As to those laws, we think it settled, that the mere copying a paper in the books of registry does not give notice or any of the rights of registry, unless it has been first probated in the form and manner prescribed by law. The recording of the deed therefore, not being authorized by the act of assembly, gave to it no additional validity, and the record thus made, or the exemplified copy therefrom, is no more evidence of the existence of the deed than would be a copy of such deed certified by a private individual.' "

Section 3543, Civil Code 1912, provides:

"No possession of real property described in any instrument of writing required by law to be recorded shall operate as notice of such instrument, and actual notice shall be deemed and held sufficient to supply the place of registration, only when such notice is of the instrument itself or of its nature and purport."

It is admitted here that the deed was not probated.

It seems to me, therefore, that it is untenable to hold that the jury may infer that the plaintiff had notice from possession, of an unlawfully recorded deed.