## 9500

### BECK v. NORTHWESTERN R. CO. OF SOUTH CAROLINA.

#### (89 S. E. 1018.)

1. APPEAL AND ERROR—REMAND—AMENDMENT—ALLOWANCE—DISCRE-
TION OF COURT.—Where on retrial after appeal plaintiff applies for
leave to amend his complaint, the application is addressed to the dis-
cretion of the trial Court.

2. APPEAL AND ERROR—REVIEW—DISCRETION OF TRIAL COURT—ALLOW-
ANCE OF AMENDMENTS.—Where after two appeals plaintiff applied to
the trial Court for leave to make a trial amendment, it was not, it
appearing that the issues had been crystalized by appeals, an abuse
of discretion on the part of the Court to deny leave.

3. RAILROADS — CONSTRUCTION — INJURIES—ACTIONS—EVIDENCE.—In an
action against a railroad company for injuries to property of an
owner through whose land the right of way ran, where the company
admitted its liability for some injuries and an independent contractor
was liable for all others, evidence of such injuries was properly
excluded.

4. EASEMENTS—PURCHASERS OF SERVIENT ESTATE.—A railroad company
was granted a right of way through lands, and entered thereon, build-
ing its track. The grant was recorded in the clerk's office and duly

indexed, but was not properly probated as required by law. The railroad company had possession of the right of way, and subsequent owners asserted no rights therein until it was purchased for plaintiff by her husband, an engineer in the employ of the railroad company. *Held,* that plaintiff could not be treated as a *bona fide* purchaser without knowledge, and thus, on the ground that the right of way deed was improperly recorded, deny the railroad company's easement.

5. EASEMENTS — RIGHTS OF PURCHASER — SUBSEQUENT ACQUISITION OF LAND.—Where land was taken by a railroad company under grant of a right of way, a subsequent purchaser from the owner, who granted the right of way, is entitled to no compensation for the lands taken before she acquired title.

6. ADVERSE POSSESSION—TITLE—ACQUISITION OF.—Where a railroad company entered into possession of land under a grant of right of way, and the grant was duly recorded, its possession for over 21 years under claim of an easement ripened into adverse title.

Before BOWMAN, J., Sumter, November, 1915. Affirmed.

Action by Julia V. Beck against the Northwestern Railroad Company of South Carolina. From a judgment for defendant, plaintiff appeals.

*Messrs. L. D. Jennings, J. H. Clifton* and *R. D. Epps,* for appellant, cite: *Former decision:* 95 S. C. 339; 99 S. C. 303. *Amendment of complaint:* 81 S. C. 574; 95 S. C. 339; 67 S. C. 122. *Notice:* Civil Code, secs. 4533, 3543.

*Messrs. Purdy & Bland,* for respondent, cite: *As to notice of motion to amend:* Code Civil Proc., sec. 441. *Amendment:* 31 S. C. 378. Distinguishes 72 S. C. 235.

*Mr. F. Barron Grier,* also for respondent, submits: I. *A new trial means a trial de novo, and is conducted just as if*

FOOTNOTE.—As to right of railroad corporation to acquire title by adverse possession, see notes in 37 A. & E. Ann. Cas. 1915c, 772, 21 A. & E. Ann. Cas. 163. Acquisition of easement by prescription where original use was under license, see notes in 44 L. R. A. (N. S.) 89.

*there had been no previous trial   With this limitation every proposition of law raised and decided by the Supreme Court on appeal cannot again be litigated but becomes res judicata:* 29 S. C. 317; 59 S. C. 101; 65 S. C. 418; 84 S. C. —; 100 S. C. 483.    II. *When a judgment or decree is reversed or affirmed by the Supreme Court every point made and distinctly stated in the case must be considered as decided and is the law of the case on all subsequent trials.*    Constitution, section 8, article V; 65 S. C. 418; 100 S. C. 483.    III. *The purchaser is not entitled to compensation for lands taken or injured by a railroad company before he acquired title.    The right to compensation for the taking and injury or damage to the land belongs to the owner at the time the road is completed:* 11 Rich. 45 S. C. L. 91; 15 S. C. 485; 86 S. C. 267; 158 U. S. 1; 39 L. Ed. 873; 13 Amer. Repts. 682; Elliott on Railroads, 2d edition, vol. II, par. 1003; Civil Code, vol. I, secs. 3292-3293.    IV. *The grant from Smythe conveys to the Eutawville Railroad Company an easement for railroad purposes of one hundred feet on either side of the track.    The defendant is the successor to all of the property and rights acquired by the Eutawville Railroad Company.    Plaintiff acquired the fee in these lands burdened with this easement of a right of way for railroad purposes of one hundred feet on either side of the center of the track:* 11 Rich. 45 S. C. L. 91; 15 S. C. 485; 86 S. C. 287; 158 U. S. 1-39 L. Ed. 873; 13 Amer. Repts. 682; Elliott on Railroads, 2d ed., vol. II, par. 1003; Civil Code, vol. I, secs. 3292-3293; 15 Atl. 833; 90 Ala. 54; 7 South. 758; 54 Ga. 293; 8 Ill. App. (8 Brawd.) 627; 100 Ind. 409.    V. *Where property is purchased where it might have been condemned the consideration is conclusively presumed to cover all damage to the remainder of the tract for which the owner could have obtained compensation in condemnation proceedings. This includes damage of every kind arising from the enjoyment and use for railroad purposes of the right of way granted where the conduct of the road in the exercise of the*

21—S. C. 105.

*use is characterized by due care:* 47 S. C. 485; 34 S. C. 62; 19 S. C. 521; 47 S. C. 464. VI. *Plaintiff knew of the location and operation of the railroad track through these lands before she purchased the same. The construction and operation of the track was an assertion of right to the entire width of defendant's right of way. One who purchases land after the construction of a railroad must take notice of the right of the company as shown by its construction and operation and such a purchaser does not and cannot obtain a title superior to that of the railroad company:* 67 S. C. 507; 72 S. C. 235; Elliott on Railroads, vol. II, 2d ed., par. 1002; 99 S. C. 310; 99 S. C. 186. VII. *The doctrine of innocent purchaser for valuable consideration without notice has no application to the purchase of a railroad right of way although the deed conveying same is not of record where the purchaser knew the location and operation of the road before buying. Knowledge of the construction and operation of the road is sufficient in law to put the purchaser on inquiry and charges him with knowledge and is the legal equivalent of notice:* 72 S. C. 235; 99 S. C. 310. VIII. *Plaintiff permitted the defendant to enter without objection. The defendant is the successor to the Eutawville Railroad Company and acquired the right under the charter of the Eutawville Railroad Company to condemn whatever land was found necessary to properly maintain and operate the. road. A single exercise of the power of condemnation does not exhaust it. Therefore, in any view of the matter plaintiff cannot maintain this action. Her right, if any, is under the statute for compensation:* Cyc., vol. XV, 576; Charter Eutawville Railroad Company, 18 Stat. 932; Civil Code, vol. I, secs. 3292-3297-3301; 15 S. C. 47; 27 S. C. 400; 47 S. C. 464; 42 S. C. 436.

September 8, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is the third appeal in this case, the first is reported in 95 S. C. 339, 78 S. E. 994, the second in 99 S. C. 310, 83 S. E. 335.   In the last appeal the judgment of Circuit Court was reversed, and a new trial granted.   The case was then heard in 1915 by his Honor, Judge Bowman, and a jury, who directed a verdict in favor of defendant company. Plaintiff appeals after entry of judgment.

The first and second exceptions allege error on the part of his Honor in refusing the motion of the plaintiff, when case was called for trial, to amend her complaint.   His Honor refused the motion on three grounds.   The last ground was that in the exercise of his discretion the motion was refused.   This was a matter wholly within the discretion of his Honor.   The case had been twice appealed to this Court; after it was remanded for a new trial, notice was given that this amendment would be asked for before Judge Rice.   Judge Rice, for satisfactory reasons, declined to hear the case, and the motion was withdrawn, "with the privilege of renewing the same before a succeeding Judge."   No notice was given that this motion would be renewed.   Inasmuch as the motion was exclusively within the province of the Judge to allow or refuse it in the exercise of his discretion, it is unnecessary to consider anything in the case further than to determine whether or not there was an abuse of this discretion.   It does seem that, when a case has twice been to this Court by appeal, one to amend the pleadings and the other after the case had been tried in the Circuit Court on its merits, the pleadings should be in such shape as to dispose of all issues that could possibly be between the parties involving the controversies between them.   If, as a general thing, after a case is tried, appealed from, and remanded for a new trial. new issues by amendment are to be injected into the case, it is difficult to conceive when a case ever would be ended.   Of course, there are cases where it would be in furtherance of justice after trial and appeal to allow amendment, and the Judges, as a

general rule, can be relied on to do whatever is necessary to that end in the exercise of their wise discretion. Still when a case has been twice to this Court, and a motion is then made to amend the pleadings, a very strong showing will have to be made that the Circuit Judge has abused his discretion before his ruling will be reversed. We cannot say that his Honor was in error in refusing the amendment, but, on the contrary, that the issues as then made by the pleadings had been tried in the Circuit Court, appealed to the Supreme Court, heard and determined here, and were ripe for a trial in the Circuit Court when this motion was made, and we see no error on the part of his Honor in refusing that other issues be injected in the trial, but in trying the case on the issues that had so long been before the Court. The second exception alleges error on the part of his Honor in limiting proof of damages to 100 feet in width on each side of the center of the roadbed, as it is contended the complaint alleges damages beyond that width, and evidence to establish this was competent and relevant. We cannot say that this exclusion of evidence was prejudicial. The defendant at the trial admitted, if it was liable at all, it was liable for everything done within 100 feet from the center of the track on each side, and it appears beyond dispute that any damage done outside of this was done by an independent contractor. The agreement of the defendant was in evidence in the case before his Honor, was not disputed, and was a complete protection to the defendant under *Rogers* v. *Florence Railroad Company,* 31 S. C. 378, 9 S. E. 1059. These exceptions are overruled.

Exception three is as follows: That his Honor erred, it is submitted, in not excluding, under plaintiff's objection, that portion of the testimony of J. Adger Smythe which is as follows: "And told me that he had signed my name to a paper for a right of way"—for the reason that said testimony was hearsay and incompetent

This exception is overruled as it is no longer an open question; it having been decided in the former appeal that a friend, R. C. Barkley, signed for Smythe, and Smythe ratified, confirmed, and approved Barkley's action, and that the plaintiff could not have any higher rights than Smythe would have. There is no question but that the plaintiff holds under a title derived from Smythe.

The fourth, fifth, sixth, seventh, and eighth exceptions, in substance, impute error in withdrawing the case from the jury, as they were questions of fact that the jury should have passed upon as to damages to growing crops and house on right of way, and to whether or not Mrs. Beck, when she purchased, had notice of defendant's claim. The railroad was there when the plaintiff purchased. The grant of right of way from Smythe to the railroad was on record in the clerk's office at Sumter, along with numerous others, although improperly recorded, as it is contended by the appellant, by reason of the fact that it was not properly probated, and for this reason appellant contends that the improper record is no constructive notice to her. She knew Smythe at one time owned the land; she knew the railroad was there. Her husband and agent was a locomotive engineer, actually engaged in the service of the defendant company in running trains over the very right of way in dispute before he purchased the land for his wife. Either of them could have ascertained by inquiry, either of Smythe or the railroad, what right of way was claimed by the railroad before the plaintiff purchased. It is taxing the credulity of sensible people to the limit to say that a grant of right of way was on record in proper office, though improperly recorded by reason of not being properly probated, but on record nevertheless. With the railroad actually built and occupying a part of the right of way, the husband of appellant and agent of appellant, in the employment of defendant, passing over the right of way in dispute, knowing that Smythe had owned the land, with public acts of the legisla-

ture showing how and how much the defendant and its predecessors could acquire a right of way, to hold that the appellant was a subsequent purchaser for value without notice of the railroad's claim and its right. The agreement from Smythe to the railroad was signed and witnessed properly in 1887, though not probated as conveyance of real estate is required to be for record, yet it was properly indexed in the proper office. This grant from Smythe is an easement for railroad purposes of 100 feet on each side of the track. The plaintiff knew of the location and operation of the railroad through these lands before she purchased the same. The construction and operation of the railroad were an assertion of right to the entire width of the right of way granted to its predecessor, Smythe, in 1887. The plaintiff, after the construction of the railroad on October 14, 1908, purchased the land from S. M. Pierson. Pierson had purchased the same land from Stubbs December 30, 1904. Stubbs had purchased it from Smythe October 26, 1895. During the whole of this time from 1887, when Smythe granted the easement, while she owned the land, and during the ownership of Pierson and Stubbs, we have no evidence of any assertion of right or claim against the 100 feet on either side granted the railroad by Smythe. For the first time this right is asserted after plaintiff purchased in 1908, over 20 years after Smythe had granted the easement, and the claim of plaintiff is based on the technical ground that the grant of Smythe was improperly recorded, because, while it was properly signed and witnessed, it was improperly recorded because not properly probated. Smythe could not assert a title superior to that of the defendant, and the purchaser under him has no greater right than he had. The doctrine of innocent purchaser for value without notice has no application under the facts of this case. We cannot escape the conclusion but that the appellant had full notice of the claim of the defendant, and is attempting to mulct the defendant in damages on the sole and technical ground

that the conveyance of Smythe to railroad was not probated, and, therefore, improperly recorded, and such record is not constructive notice to her. The grant from Smythe to the railroad does not attempt to convey the fee, but only an easement. The plaintiff is not entitled to compensation for the lands taken before she acquired title by the railroad. Under the grant of Smythe on record, though improperly recorded, the defendant and its predecessors, for over 21 years before plaintiff purchased, had been claiming the easement in question under a paper title duly signed and witnessed. This alone was sufficient to ripen the claim of easement of defendant into such title as to defeat the claim of plaintiff as purchaser to compensation for the lands taken actually and claimed by it under the grant. When she purchased the railroad was in actual operation. There was a grant from Smythe of 100 feet on each side of the road. When called upon, the railroad did not rely on its charter in fixing its right of way, but, in that it had an agreement of the owner of the land at the time it was constructed, it did, as the law requires, produce this agreement, which showed how much defendant claimed when it constructed the road. If there had never been any such grant, or if parties, who owned the land from 1887 to 1908, when plaintiff purchased, had disputed defendant's claim to any part other than actually used as a roadbed, then a different result would be brought about, but under the undisputed facts of the case we see no error on the part of his Honor as complained of in these exceptions.

The fifth exception is overruled by what has been said in considering the other exceptions, and what was said in the former opinion of this Court in the case in 99 S. C. 310, 83 S. E. 335.

The record fails to disclose that the plaintiff is an innocent purchaser for value without notice, or that his Honor was in any manner in error in directing a verdict for the defendant.

All exceptions are overruled.    Judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and GAGE, concur in the opinion of the Court.

MR. JUSTICE FRASER.    I dissent.    I dissented in the previous case, but, of course, I am as much bound by that decision as any other member of this Court.

My construction of that opinion is that this Court remanded the case to the Circuit Court to have the jury pass upon the question as to whether the plaintiff did or did not have notice of the defendant's rights.    I consider that matter *res adjudicata* in this case, and it is necessary to submit that question to the jury.

There is another matter that involves but little money, and that is the right of the defendant to destroy the crops on the land.    I do not find any case in this State on the subject, but it is laid down as follows (18 Am. & Eng. Ency. of Law, at page 190) :

"Where the landlord terminates the tenancy, the tenant at will is entitled to a reasonable time in which to remove his family and possession, and not only is the tenant not a trespasser in the exercise of this right, but the landlord will be liable to him if he disturbs the tenant in the exercise of such right."

To illustrate: A leases land from B for the year 1915. On 31st December, 1915, the lease terminates by law by its own limitations.    A does not formally renew his lease, but simply remains in possession without protest from B.    During January, 1916, A is a tenant at will, and continues to be a tenant at will during that year.    It is true if A stays long enough he may become a tenant from year to year and is entitled to notice, and cannot be dispossessed during the year, but during the year 1916 A is a tenant at will.    Now, suppose the land is farm land; can B wait until A's crops are ready for harvest and then turn A out and take his

crops? I think the Court would be bound to allow A time to harvest his crop, or award damages for the taking.

In this case the plaintiff was not a tenant at will or licensee. She owned the fee. She had the right to use the land in any way that did not interfere with the use by the railroad company. When the railroad company found it necessary to extend their use, I think they were bound to give the plaintiff a reasonable time to remove her property or pay damages for the destruction of her property.