# 9958

## ATLANTA & CHARLOTTE AIR LINE RY. CO. v. LIMESTONE GLOBE LAND COMPANY *ET AL.*

(96 S. E. 188.)

1. Corporations—Deeds—Signature by Agent.—The rule that deeds executed by agent or attorney must be executed in the name of the principal does not apply to the deed of land of a corporation, signed by an agent with proper authority, where it appears in the body of the deed that the corporation is the grantor.

2. Corporations—Deeds—Signature by Agent.—Deed on its face purporting to convey corporation land, signed "G. S. C., [L. S.] Pres. M. I. Co., Per F. G. L.   F. G. L., agent," was sufficient to pass title.

3. Corporations — Powers of Officers — Presumptions. — Generally, where an act is done or instrument executed, which is within the powers of the corporation, and by its appropriate officer or agent, acting ostensibly in its behalf, antecedent authority will be presumed, at least *prima facie*, and *a fortiori*, after lapse of over 40 years accompanied by undisturbed possession under a deed, the authority to execute the deed for the corporation will be presumed in the agent who signed the deed.

4. Easements—Purchase of Servient Estate.—Where deed by corporation of railroad easement was signed "G. S. C., Pres. M. I. Co.," assuming its recordation did not give constructive notice to subsequent purchasers of the land from the corporation, such purchasers could not be treated as purchasers without notice, where they laid off their lots up to the line of the railroad's right of way, and only put a street on the right of way.

5. Railroads—Rights of Fee Owners.—The owner of the fee in a railroad right of way has the right to use so much thereof as is not in the actual use and occupancy of the railroad company, provided the use be not inconsistent with the claim of right of way for the railroad purposes.

6. Adverse Possession—Railroads—Notice of Adverse Use.—A right of way of a railroad, having been acquired for a public purpose, cannot be lost by prescriptive use or adverse possession, unless by the erection of a permanent structure, accompanied by notice to the railroad company of an intention to claim adversely to its right.

7. Adverse Possession—Railroad Right of Way.—That owners of fee of railroad right of way, after the railroad was built, continued to use the right of way up to the railroad as they always had done, cultivating it and inclosing it for pasture, etc., did not amount to adverse possession against the railroad company.

Before Peurifoy, J., Cherokee, Fall term, 1911. Affirmed.

Suit by the Atlanta & Charlotte Air Line Railway Company against the Limestone Globe Land Company *et al.* Judgment for plaintiff, and defendant appeals.

*Messrs. Butler & Hall,* for appellant, submit: *Respondent must rely on a written contract with the owner of the land, over which it claims a right, and can invoke no presumption arising out of the act of incorporation to establish a right of way over any land not occupied by it, but which is in the actual occupancy of the appellants, claiming adversely under claim founded on written title:* 105 S. C. 80; 99 S. C. 299; Const. of 1868, art. I, sec. 23, 14 Stats. 88. *As to the insufficiency of the written instrument under which respondent claims:* 1 Bail. 1; 2 S. C. 428; 19 S. C. 292; 27 S. C. 310; 36 S. C. 574; 40 S. C. 163; 28 S. C. 466; 52 S. C. 152; 36 S. C. 551; 21 S. C. 421; 16 S. C. 416; 105 S. C. 365; 28 S. C. 388; 33 S. C. 175; 38 S. C. —; 59 S. C. 371; 72 S. C. 381. *As to adverse possession:* 1 Cyc. 1130; 25 S. C. 181; 82 S. C. 215; 63 S. C. 266. *As to purchasers for value without notice:* 108 S. C. 381; 99 S. C. 264; 92 S. C. 254; 95 S. C. 347; 2 S. C. 430; 2 Ency. Law 100; 105 S. C. 319; 82 S. C. 378; 103 S. C. 510. *As to estoppel by acquiescence:* 16 Cyc. 791.

*Messrs. Sanders & DePass,* for respondent, cite: *As to validity of deed, under which respondent claims:* 10 Cyc., p. 1003; 1005, 1006, 1016; 7 R. C. L., pp. 644-645; 11 Rich. 429; 1 Hill Ch. 376; 72 S. C. 420; 80 S. C. 114; 105 S. C. 320; 10 Cyc. 1079-1078; 22 S. C. 32; 78 S. C. 501; 82 S. C. 381; 72 S. C. 235; 70 S. C. 286; 11 Stats. 348-361; 14 Stats. 80; 71 S. C. 521; 2 Rich. Law 19; 5 Rich. Law 452; Cheves Eq. 57; 105 S. C. 319; 56 N. E. 1050; 89 Ind. 501; 13 S. W. 680; 9 Sou. 512; 92 Ala. 252.

April 17, 1918.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Defendants appealed from a decree of the Circuit Court which enjoined them from using a permanent street laid out within the limits of plaintiff's right of way.  Plaintiff and defendants claim under the Magnetic Iron Company, a corporation.

In 1870 a deed was executed which purported to convey to plaintiff's predecessor in title a right of way through the lands of the Magnetic Iron Company 200 feet wide, 100 feet on each side of the railroad which was thereafter to be built. On its face it appears to have been intended to be the deed of the corporation, and to convey its property, and it was sufficient in form to do so, unless that purpose was defeated by a mere irregularity in the way in which it was signed, to wit: "Geo. S. Cameron, (L. S.) Pres. M. I. Co., Per F. G. Latham.   F. G. Latham, Agent."

This deed was probated by one of the two subscribing witnesses, who made oath, in due form, "that he saw Geo. S. Cameron, per F. G. Latham, sign, seal, and deliver the within deed of conveyance for the uses and purposes therein mentioned," etc., and it was duly recorded in 1871.   The railroad was built within a few years afterwards.

In 1890 the Magnetic Iron Company conveyed the tract through which the railroad runs to the Gaffney City Land & Improvement Company, and in 1907 that company conveyed 40-odd acres of it to the defendant, Limestone-Globe Land Company, which subdivided its holdings into building lots fronting on plaintiff's right of way, and conveyed some of them to its codefendants.   A street was laid out, 60 feet wide, parallel with the railroad, in front of these lots, and extending from the line of the right of way toward the

railroad, so that it covers a strip of the right of way 60 feet wide for the distance of a quarter of a mile.

After the railroad was built two owners of the fee in the land continued to use so much of it as was within the right of way up to the railroad, as they had always done. They cultivated some of it, cleared and brought into cultivation some of it, inclosed some of it by a wire fence in a pasture, and generally made such use of it as is customary in such cases. But no structure of a permanent nature was ever placed on the right of way, nor was any use made of it which was inconsistent with plaintiff's claim of easement, nor was any notice of any claim or use adverse to the easement ever given to the railroad company until the street in question was opened.

The undisputed evidence shows that F. G. Latham was the general or managing agent of the Magnetic Iron Company's business, and that the railroad was built through the company's lands, after the execution of the deed, without any objection or demand for compensation.

The principal question is as to the effect of the record of the deed as constructive notice to subsequent purchasers from the Magnetic Iron Company. It is admitted that defendants had no actual notice of it. They contend that it was fatally defective in the manner of its execution, that it was not the deed of the corporation, and, therefore, conveyed nothing, and, being ineffectual as a conveyance, it was not entitled to record, and for that reason its record was a nullity and ineffectual to give constructive notice of it.

Without doubt the rule is well settled that conveyances by deed executed by an agent or attorney must be executed in the name of the principal. This Court has so held in a number of cases, some of which are cited by appellant. But in each of the cases so decided the principal was a natural person, capable of acting for himself. In such case there is greater reason why the

act should be done in his name than there is in the case of a corporation principal, which cannot act for itself. Every corporate act must of necessity. be done by its officers or agents.   Therefore, where the officer or agent has authority to do the act in question, and it clearly appears that it was intended to be done as the act of the corporation, it would be sacrificing substance to form to hold the act invalid simply because it was not formally done in the name of the corporation by the officer or agent.   The tendency of modern decisions is to ignore the exceedingly technical refinements upon which the rule was established, and give effect to the intention, when it is perfectly apparent.

In 10 Cyc. 1013, after stating the ancient rule, the author says :

"But according to the good modern theory, if it appears in the body of the deed that the corporation is the grantor,, it will not be regarded as the personal deed of the officers merely because they signed their names with their official additions instead of signing the name of the corporation with the additions, 'By A. B., Its President,' and 'By C. D., Its Secretary,' although it is to be confessed that there is musty authority to the contrary."

Judge Thompson, in his work on Corporations (4th vol., secs. 5074-5, 5083-4) indorses the modern theory.   In section 5074 he says :

"It is to be regretted that many of the decisions upon this subject refine to an extent which makes a travesty of justice, ignoring what the Judges themselves, upon a reading of the instrument, know to be its real meaning.   The sound practical view, and that to which American Courts are constantly tending, is believed to be that, whether the instrument be under seal, or not, the question whether the corporation or the individual is bound should be determined by a faithful reading of the whole instrument, from its commencement to

the end of its signature. In many of the cases where the Courts have charged the individual with liability and exon- erated the corporation, the interpretation has been an inter- pretation which the late Dr. Lieber, in his work on Her- meneutics, denounces as *unfaithful.* The Courts have not kept in their breasts the real purpose of declaring the mean- ing of the instrument as the parties intended."

Most modern decisions which adhere to the ancient tech- nical rule do so with a note of regret, and little, if any, tend- ency is found to extend its application further than is absolutely required by the principle of *stare decisis.* With regard to the sufficiency of the execution of a deed of con- veyance of land, or of rights therein by a corporation, we are not fettered by any previous decisions of this Court. On the contrary, the tendency of the previous decisions with regard to the acts and contracts of corporations has been toward the adoption of the modern rule, which is founded in common sense and justice. Whatever the Court may con- clude as to its duty to adhere to the rule adopted by the pre- vious decisions as to the acts and contracts of natural per- sons is a matter for future consideration, when a case in which its application is invoked may arise, but certainly we are not bound to extend that rule to the acts and deeds of corporations.

In all cases it is the duty of the Court to give effect to the intention of the parties to a contract, if it can be done within the law. There is not the slightest doubt of the intention of the Magnetic Iron Company, through and by its agent, to convey the easement described in the deed, and, upon reason and authority, the deed was sufficient in form and the manner of its execution to accomplish the purpose intended. It was, therefore, properly recorded, and the record was constructive notice to defendants.

But defendants contend, further, that there was no evi- dence that the president of the corporation had authority to

execute the deed, or to authorize Latham to do it, or that such authority was, in fact, delegated to Latham, either by the corporation or by the president.   As a general rule, where an act has been done or an instrument executed which is within the power of the corporation, and by its appropriate officer or agent, acting ostensibly in its behalf, antecedent authority will be presumed, at least *prima facie,* so as to make it unnecessary to produce evidence thereof until the presumption is rebutted.   4 Thomp. Corp., sec. 5029; 10 Cyc. 1003; *Bank v. Mfg. Co.,* 10 Rich. 95; *Josey v. R. Co.,* 12 Rich. 134; *Walker v. R. Co.,* 26 S. C. 80, 1 S. E. 366; *Moyer v. Terminal Co.,* 41 S. C. 300, 19 S. E. 651; 25 L. R. A. 48, 44 Am. St. Rep. 709.   *A fortiori,* after the lapse of such a great length of time, accompanied by undisturbed possession under the deed, authority to execute it in behalf of the corporation will be presumed.   In *Maverick v. Austin,* 1 Bailey 59, it was held, with regard to a conveyance of land in which the grantor styled himself "executor" of him who was last seized, and long possession under the deed, that a will might be presumed.   The Court said: "If a deed may be presumed, why not an authority to make the deed?"   In 31 Cyc. 1640, it is said that "undisturbed possession of land for many years, under a deed made by an agent, raises a presumption of authority on the part of the agent to make the conveyances."

Moreover, in the absence of constructive notice from the record of the deed, under the authority of *Beck v. Ry. Co.,* 105 S. C. 319, 89 S. E. 1018, the facts and circumstances of this case require the finding that defendants had notice of plaintiff's claim.   The facts and circumstances of this case are similar in many respects to those of that case, with the additional circumstance that defendants in this case laid off their lots up to the line of plaintiff's right of way, and only put the street on the right of way, a circumstance which strongly tends to show that they had notice of the extent of plaintiff's claim.

According to the decisions of this Court, the owner of the fee in a railroad right of way has the right to use so much thereof as is not in the actual use and occupancy of the railroad company, provided the use be not inconsistent with the claim of right of way for the railroad purposes. It follows from this, and the rule that a right of way of a railroad, having been acquired for a public purpose, cannot be lost by prescriptive use or adverse possession unless by the erection of a permanent structure, accompanied by notice to the railroad company of an intention to claim adversely to its right, that, under the facts stated, at no time did the plaintiff have a cause of action against the defendants or their predecessors in title until the street in question was constructed and attempted to be used under the assertion of a right to do so. As the statute of limitations does not begin to run until a cause of action has accrued, plaintiff's action is not barred. And, for the reasons already stated, the possession and use of the right of way by defendants and their predecessors in title was not adverse, and, therefore, their claim by adverse possession cannot be sustained.

Judgment affirmed.