15179

ATLANTIC COAST LINE R. CO. v. LITTLE

(12 S. E. (2d), 7)

456

November, 1939.

*Mr. R. E. Hanna,* for appellant,

*Messrs. Woods & Woods* and *P. A. Murray, Jr.,* for respondent,

December 9, 1940.

The opinion of the Court was delivered by MR. L. D. LIDE, ACTING ASSOCIATE JUSTICE.

The complaint herein alleges that during the year 1857 a railroad corporation was chartered by the General Assembly of this State, under the corporate name of Cheraw and Coal Fields Railroad Company, and authorized to construct a railroad from Cheraw to the North Carolina state line, in the direction of Wadesboro, and under this statutory enactment the right-of-way was 200 feet wide, that is to say, 100 feet wide from the center of the track on each side, with the "conclusive presumption of a grant thereto two years after construction thereof," which was completed many years ago; and the complaint further alleges that by virtue of certain other statutes and conveyances the plaintiff above named has acquired all of the property, rights and powers originally owned by this company; and that the defendant above named is the owner of lands in Chesterfield County, lying on both sides of plaintiff's right-of-way, about three and one-half or four miles northwest of Cheraw, she having acquired these lands long after the railroad was built, and that her purchase thereof was subject to plaintiff's right-of-way. It is further alleged that the defendant is committing acts of trespass upon the right-of-way, in that, she has recently erected and is maintaining a small building, used as an outhouse or toilet, within the limits of the right-of-way of plaintiff. And the principal purpose of this suit is to require the defendant to remove this building from the right-of-way. It is further alleged that the plaintiff has permitted the defendant to cultivate and plant parts of the right-of-way, and such use of the land was not inconsistent with its use for railroad purposes, but that the

erection of the building aforesaid would amount to a continuing trespass entitling the plaintiff to equitable relief.

The defendant's answer, in the first paragraph thereof, states that she denies all the allegations of the complaint "except as hereinafter expressly admitted." But in Paragraph II she admits that she is the owner of the lands located generally as set forth in the complaint and that these lands were acquired by her after the construction of the railroad "to which reference is made in the complaint", and that she has with the full knowledge and acquiescence of the plaintiff "cultivated the said lands continuously since she has owned the same", and she alleges that she has in other respects continuously exercised full rights of ownership, including the construction and maintenance of the building in question, all with the knowledge and acquiescence of plaintiff until the very recent date when the plaintiff first announced its objection to the maintenance of the building. She alleges in Paragraph III that the use of the lands by her does not in any manner or degree interfere with or impair any right-of-way or other easement which the plaintiff may have, and that there is no actual or probable future use of such right-of-way or easement as could be so impaired. She then sets up as a separate defense that for more than twenty years before the institution of this action she, as the owner of the lands described in the complaint, has occupied and used the same, exercising full rights of ownership thereupon, and that such use and occupation have been continuous, adverse and notorious, with the full knowledge of the plaintiff, and that she therefore pleads the applicable statute of limitations.

The plaintiff demurred to the answer on the ground that it failed to state facts constituting a defense to the cause of action alleged in the complaint, for the specific reasons set forth in the demurrer, and this demurrer was sustained by a formal order handed down by Hon. E. C. Dennis, Judge of Fourth Circuit; and from his order the defendant appeals to this court.

There are a number of exceptions, but we think they raise three points only, with perhaps some subsidiary questions. These three points or questions are:

(1) Did the defendant have constructive notice of the limits of the right-of-way?

(2) Was the right-of-way 100 feet wide from the center of the track on each side, or was it limited to so much thereof as was actually in use?

(3) Does the answer raise an issue of title by adverse possession or otherwise?

Referring to the first question, it seems quite clear ▮▮ that the defendant had full constructive notice of the limits of plaintiff's right-of-way, for as alleged in the complaint, and as will appear by reference to XII Statutes at Large, page 551, of which the court takes judicial notice, the plaintiff's predecessor under a statutory charter acquired a right-of-way 100 feet wide on each side of the center of the railroad, with the presumption after the expiration of two years following the construction of the road that the right-of-way was granted to the company by the owner or owners thereof; and the defendant admits that her lands were acquired by her after the construction of the railroad.

In the interest of complete accuracy it should be stated here that the above-mentioned act, which was ratified December 21, 1857, recites that the purpose of chartering this railroad was to connect it with the Coal Fields and South Carolina Railroad, in North Carolina, and the act expressly provides that "the company hereby incorporated, when organized * * * shall have all the same powers, rights and privileges * * * as are provided by the aforesaid charter granted by the General Assembly of the State of North Carolina to the aforesaid Coal Fields and South Carolina Railroad Company". And the North Carolina act, ratified February 2, 1857, provides as follows: "That in the absence of any written contract between the company and any owner or owners of said land, through which the said railroad may

be constructed, in relation to said land, it shall be presumed that the land upon which the said railroad may be constructed together with one hundred feet on each side of the center of said road, has been granted to the company by the owner or owners thereof, and the said company shall have good right and title to the same and shall have and hold and enjoy the same unto them and their successors so long as the same may be used only for the purpose of said road, and no longer, unless the person or persons to whom any right or title to such land, tenements or hereditaments descend or come, shall prosecute a suit for same, within two years next after the construction of such portion of said road, etc."

The case of *Harman v. Southern Ry.,* 72 S. C., 228, 51 S. E., 689, 691, involving a statutory charter to the very same effect, is conclusive on the point under consideration, for it is there distinctly held that where the owner had actual notice that the railroad was being operated through his land at the time of the purchase "he had constructive notice, or is presumed to have known, that the company's right-of-way, in the absence of a written contract, extended 100 feet on each side of the center of its track." See, also, *Beck v. Railroad Co.,* 99 S. C., 310, 83 S. E., 335.

It is contended, however, by the defendant that her answer contains a general denial which would be sufficient to raise an issue on this point, but it will be observed by reference to the answer that it does not actually contain a general denial, for the denial is expressly qualified by the subsequent admissions. *Burkhalter v. Townsend,* 139 S. C., 324, 138 S. E., 34. But we do not think that even a general denial in regular form would have raised an issue as to notice to the defendant of the right-of-way, because the original charter, which contains (by reference) the provisions relating to the right-of-way, is found in a public act of the General Assembly, the existence or validity of which could not be questioned by a general denial. *Bank of Enoree v. Yarborough,* 120 S. C., 385, 113 S. E., 313.

The second question, relating to the actual width of· the right-of-way, is practically answered by what we have already said with reference to the provisions in the statutory charter. But this question is also foreclosed by the case of *Southern Ry. v. Gossett,* 79 S. C., 372, 60 S. E., 956, 960, in which it is definitely held that: "The presumption was that the plaintiff or its predecessors [referring to the railway company] took 100 feet on each side from the center of the track." See, also, *Southern Ry. v. Howell,* 79 S. C., 281, 60 S. E., 677, to the same effect. That the authority of the cases cited remains unimpaired by the lapse of time will be seen by reference to the more recent case of *Atlantic Coast Line R. Co. v. Searson,* 137 S. C., 468, 135 S. E., 567, 573, wherein the court held that where railroad charter gave right-of-way of 100 feet on each side from the center it will be presumed that the right-of-way extends to such limits, in the absence of written agreement. And it was also held in this case, in line with previous decisions, that "the owner of the fee in a railroad right-of-way has the right to use as much thereof as is not in the actual use and occupancy of the railroad company, provided the use be not inconsistent with the claim of right for railroad purposes." And in the case of *Colclough v. Briggs,* 99 S. C., 181, 83 S. E., 35, it was held that the landowner took subject to the railroad's right-of-way easement to the extent of its charter power to condemn.

The answer to the third question depends upon a consideration of what constitutes adverse possession of a right-of-way of a railroad company. The case of *Matthews v. Seaboard Air Line Ry.,* 67 S. C., 499, 46 S. E., 335, 337, 65 L. R. A., 286, in which the opinion was delivered by Mr. Justice Woods, has long been recognized as a leading case and has been consistently followed by this Court; and it is therein held that since the width of the strip of land necessary for railroad purposes is fixed under the authority of the State, "this fact creates a strong presumption that

the whole of it should be preserved as necessary for the purpose for which it is set apart." But as was held in that case portions of a right-of-way might under some circumstances be acquired by adverse possession. And the rule in this connection is correctly stated in the cases of *Atlantic Coast Line R. Co. v. Searson, supra,* and *Atlanta & C. A. L. Ry. Co v. Limestone G. L. Co.,* 109 S. C., 444, 96 S. E., 188, 190, as follows, to wit (quoting from the latter case), "that a right-of-way of a railroad, having been acquired for a public purpose, cannot be lost by prescriptive use or adverse possession *unless by the erection of a permanent structure, accompanied by notice to the railroad company of an intention to claim adversely to its right."* (Italics added).

Applying these principles to the case at bar it is quite obvious that the answer does not set up title by adverse possession or otherwise. There is no suggestion whatever tending to show that the possession of the defendant has been adverse in the meaning of the law, at least not until the recent construction of the building in question (if such building could be considered a permanent structure), there being, of course, no contention that it had been constructed as long as ten years prior to the commencement of this action. There is certainly no allegation of a permanent encroachment of a nature inconsistent with the use of the right-of-way by plaintiff for railroad purposes, accompanied by notice to it of an intention to claim adversely, which has been continuously maintained for a period of ten years.

The fourteenth and last exception charges the Circuit Judge with error in ruling that the building in question was on plaintiff's right-of-way, in that it was on the right-of-way of a county road "which has been in continuous use for a longer period than the right-of-way of respondent has been used." But this exception is wholly unsupported by anything in the record, there being nothing in either the complaint or the answer about any public road. Manifestly, therefore, this exception cannot be considered.

Our conclusion is that all of the exceptions should be, and the same are hereby, overruled.

The order of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.