6810

SOUTHERN RAILWAY v. GOSSETT.

1. EVIDENCE—DAMAGES.—In an action by a railroad company to enjoin use of right of way, evidence of what the company is now doing with the right of way is competent as showing whether right of way had been heretofore abandoned and to show compensatory damages since action begun.

2. PLEADINGS—IBID.—It is not necessary to allege damages which are the direct result of and incident to a continuous wrongful act.

3. RAILROADS.—THE PRESUMPTION is that the Greenville and Columbia Railroad Company acquired one hundred feet on each side of its track as a right of way.

4. IBID.—RIGHT OF WAY—ADVERSE POSSESSION.—The mere obstruction of a right of way of a railroad company can not ripen into a right. Such obstruction must be of an exclusive occupancy to have the effect of destroying the easement.

5. IBID.—PURCHASER FOR VALUE.—The charge here complained of as to purchaser for value without notice merely eliminated that issue from the consideration of the jury, and did not injure appellant, on the ground that it was not raised by pleading or proof.

6. CHARGE.—An instruction on a point not expressly relied on by appellant is not harmful here, even if error.

7. CONDEMNATION.—The law as to condemnation is correctly stated in portion of charge excepted to.

8. CHARGE.—An instruction as to who built the Greenville and Columbia Railroad, and its effect upon the development of the country, was not prejudicial to the rights of appellant as a laudation by the judge.

Before GARY, J., Anderson, February, 1907. Affirmed.

Action by Southern Railway against James P. Gossett. From judgment for plaintiff, defendant appeals, on the following exceptions:

1. "Excepts because his Honor, the Circuit Judge, allowed the plaintiff's witness, H. A. Williams, to answer over the objection of defendant, the following question: Do you know what is being done with the right of way now? It being stated by plaintiff's attorney that the object of the question was to show there had never been an adandonment. It was error to show any act of plaintiff after the commencement of this action, as to any of the issues raised by the pleadings and was therefore prejudicial to this defendant.

2. "Excepts because his Honor allowed the plaintiff's witness, H. A. Williams, to answer over the objection of the defendant the following question: What use is the railroad making of the right of way now? It being error to show any use or act of plaintiff since this action was brought to show that the railroad used the lands in dispute as a right of way.

3. "Because his Honor, the Circuit Judge, erred in refusing to charge defendant's first request to charge, to wit: 'It is not necessary that the party in possession of lands should make oral declaration of claim of title, but he may show that he has so acted as to clearly indicate that he did claim title. No mere words could more satisfactorily assert a claim of ownership over the land for a period of ten years or more. Using and controlling property as owner is the ordinary mode of asserting right and claim of title. Therefore, if the jury find from the evidence that the defendant or any grantor or predecessor used and controlled the land in question, in such manner that the said use and control clearly indicated a claim of title adverse to any claim of plaintiff, then the jury should find in the affirmative to the question, Has defendant, his ancestore or grantors been in adverse possession of the land in dispute for a period of ten years before the commencement of this action under claim of title and right of the premises?' It being respectfully submitted

that said request to charge contained a correct proposition of law and applicable to the facts and pleadings of this case.

4. "Because his Honor, the Circuit Judge, erred in refusing to charge defendant's second request to charge, to wit: 'Where a known farm or single lot has been partly improved the portion of such farm or lot that may have been left not cleared or enclosed according to the usual course and custom of the adjoining country shall be deemed to have been occupied for the same length of time as the part improved and cultivated. Therefore, if the jury find from the evidence that the land in dispute is a part of a farm or lot which calls for the railroad track or right of way as its boundary, and should they find further that the defendant or any ancestor, predecessor or grantor was seized or possessed of any of the alleged right of way along said lot or farm adversely to the plaintiff for ten years before the commencement of this action and that said claim is founded on a written instrument, the jury should answer in the affirmative to the question, Has defendant, his ancestors or grantors been in adverse possession of the land in dispute for a period of ten years before the commencement of this action under claim of title and right of the premises?' It being respectfully submitted that said request to charge contains a correct proposition of law and applicable to the facts and pleadings of this case.

5. "Because his Honor, the Circuit Judge, erred in refusing to charge defendant's fourth request to charge, to wit: 'That it is incumbent upon the plaintiff herein to show by the preponderance of the evidence what assessment and valuation it took under Sec. No. 5 of an act to amend an act entitled, "An act to authorize the formation of the Greenville and Columbia Railroad Company," and an act entitled, "An act to amend an act to authorize the formation of the Greenville and Columbia Railroad Company and for other purposes, passed December 19, 1849, General Statutes, page 575," the presumption being that under said amendment the Greenville and Columbia Railroad Company took only so

much as was necessary for the building and maintaining their said road, and without proof as to the amount said company did take it is for the jury to say what amount on each side of their railway was then necessary for a right of way for the purpose of constructing and maintaining their road. And should the jury find from the evidence that at the time the fence in question was built it had not been necessary to use more space than lay between said fence and plaintiff's track for the construction and maintaining said road, they should answer "no" to the questions No. 1 and 2.' It being respectfully submitted that said request to charge contains a correct proposition of law and applicable to the facts and pleadings of this case.

6. "Because his Honor, the Circuit Judge, erred in charging the jury as follows: 'It is not simply in obstructing lands on a right of way you can defeat its easement. The railroad has no title to it, but claims to have one hundred feet on each side from the center of its track to be used for railroad purposes, and whenever it abandons that strip for that purpose, its right ceases.' The said charge contains the following errors: (a) It is a charge on the facts to say that it is not simply obstructing land on a right of way you can defeat its easement. (b) It is error of law to charge that an obstruction will not defeat an easement, whereas it is respectfully submitted that an obstruction persisted in for the statutory period under a claim of right of title does defeat an easement.

7. "Because his Honor, the Circuit Judge, erred in charging plaintiff's first request to charge, to wit: 'The defendant can not be regarded as a purchaser for valuable consideration without notice of the railway company's right of way, if he had actual notice that the railroad was being operated through said land at the time of his purchase, because under the act of the General Assembly of South Carolina, passed 1845, chartering the Greenville and Columbia Railroad, he is presumed to have known that the company's right of way, in the absence of a written contract, extended one hundred

feet on each side of the center of its track. So if he knew when he purchased the land, and whether he had such knowledge is a question of fact for the jury, then he had such notice as was sufficient to put him on the inquiry, and this is equivalent to notice.' It being respectfully submitted that said request is not applicable to any of the facts proven or alleged in the pleadings in this case. The defendant has not pleaded purchase for value without notice. Said request tended to confuse the minds of the jury by injecting in this case questions not raised by the pleadings or proof.

8. "Because his Honor, the Circuit Judge, erred in charging plaintiff's second request to charge, to wit: 'The law will not permit the abandonment of an easement from mere nonuse; whether a party has abandoned his right to an easement is a question of fact and intention for the determination of the jury.' It is respectfully submitted that said charge is error in that it undertakes to say that the law will not permit the abandonment of an easement by nonuse, whereas he should have charged that nonuse is a fact or circumstance which should be taken into consideration by the jury like any other fact or circumstance in determining the question of abandonment.

9. "That his Honor, the Circuit Judge, erred in charging the jury as follows: 'You frequently hear that the railroad and other corporations have the right to take your property. They have no right to take your property, and the law is this: All of the real estate in the State of South Carolina belongs to the State to a certain extent. She has the right to dedicate it for the use of the public, and if that protion is in possession—some other citizen has title to it—the Constitution says, "You can condemn it provided you first pay the owner thereof for it." The Legislature gives to certain corporations the right to condemn real estate by first paying to the owner thereof a just compensation for his property.' It being respectfully submitted that the said charge contained error in that: (a) The constitutional provision therein cited does not apply to the law in this case, as the

same was not in force at the time of the chartering of the Greenville and Columbia Railroad. (b) That the legislative provision referred to in said charge is not applicable to the law in this case, the same not being in force at the time the Columbia and Greenville Railroad was chartered.

10. "That the Circuit Judge erred in charging the jury as follows: 'Who built the Columbia and Greenville Railroad? My father and your fathers. I remember the time when I could recognize the whistle. My grandfather was one of the original officials. I recall the names of those old engines. Now, these gentlemen conceived the idea that they would connect the Blue Ridge Mountains with the seacoast, and they went to the Legislature and got permission to do it; and the conception of that thought, that enterprise is verified today by the progress of the cities in this State, and the progress of the State, it is phenomenal; and I think the projectors of that enterprise deserve a monument from the State of South Carolina, for having developed her resources to such an extent. It is unparalleled in history. They have changed mountain town into cities. They put steel bands from the mountains to the seacoast, and I believe it was John C. Calhoun who said that we would live to see the day we could have a chicken cooked here for breakfast and eat it in Charleston for supper.' It is respectfully submitted that the Judge erred in that the charge was argumentative and misleading and not containing a correct provision of law applicable to this case. It had a tendency to unduly prejudice the minds of the jury in favor of this plaintiff by the eloquent laudations of the Judge.

11. "Excepts because his Honor, the Circuit Judge, passed an order requiring the defendant to remove his fence and enjoined him from further obstructing his right of way of erecting a fence, basing said decree on the finding of the jury, that defendant, his ancestors, grantors and predecessors have not been in adverse possession of the land in dispute for a period of ten years, nor for a period of forty years before the commencement of this action under claim of right and

title to the premises. Whereas, it is respectfully submitted that the undisputed and uncontradicted evidence was that the defendant, his ancestors, grantors and predecessors had held the land in dispute adversely, and the Circuit Judge should have so found and dismissed the plaintiff's complaint.

12. "That his Honor, the Circuit Judge, erred in ordering this defendant to remove the fence at once from the right of way of the plaintiff and restraining him from erecting other fences thereon, basing said order on the finding of the jury that the defendant, his ancestors, grantors and predecessors have not been in adverse possession of the land in dispute for a period of ten years nor a period of forty years before the commenceemnt of this action under claim of right of title to the premises. Whereas, it is repsectfully submitted that the undisputed and uncontradicted testimony prove that defendant had been in possession of at least 32 feet of the 172 feet adversely to the rights of this plaintiff, and his Honor, the Circuit Judge, should have found and dismissed plaintiff's complaint as to these 32 feet.

13. "That the overwhelming preponderance of the evidence was in favor of the contention of the defendant and against the finding of the jury, and the Circuit Judge erred in passing the order founded on said findings. On the contrary, he should have dismissed the complaint.

14. "Because it is respectfully submitted that his Honor, the presiding judge, erred in granting the final order and decree on the 20th of February, 1907; and requiring the defendant to remove the fence at once from the right of way, as first described in the said order, and restraining and enjoining the defendant and those acting for him from erecting any fence or fences thereon. Whereas it is respectfully submitted that the defendant, having established the fact of the actual possession of the same, under the claim of such title by himself and his grantors, for a period of over forty years, had shown title thereto, and the plaintiff was not entitled to the order and decree so made."

*Messrs. Paget & Watkins* and *Smythe, Lee & Frost,* for appellant.

*Messrs. Paget & Watkins* cite: *Party in possession of land need not make oral declaration of his claim:* 1 L. R. A., 216. *Disuse of right of way for twenty years affords presumption of abandonment:* 67 Nev., 1111; 39 S. W., 27. *Judge should not show zeal on one side:* 75 S. C., 404.

*Messrs. Smythe, Lee & Frost,* cite: *Evidence as to what plaintiff did since action brought is incompetent:* 3 Strob., 190; 14 S. C., 434; 45 S. C., 682; 1 Cyc., 739, 740. *Oral declaration of claim of possession is not necessary:* 62 S. C., 546; 2 Rich., 629; Code of Proc., 105. *Possession of part of a farm is possession of whole:* 1 Ency., 863; 1 Strob., 143; 1 N. & McC., 374; 14 S. C., 587; 3 Strob., 465; 51 Am. Dec., 637; 2 Spear, 450; 4 Strob., 23; 40 S. C., 435; 9 Rich., 143; 1 Cyc., 1125; 26 S. C., 219; 25 S. C., 181. *Instruction not based on some evidence in case is error:* 9 Pet., 568; 95 U. S., 703; 67 Fed., 281; 71 Fed., 94; 71 Fed., 263; 111 U. S., 555; 63 F. R., 642. *Easement may be abandoned by nonuse:* 22 S. C., 547; 14 Cyc., 1185; 3 Strob., 224; 22 S. C., 541.

*Messrs. Bonham, Watkins & Allen,* contra, cite: *If substance of request be incorporated in general charge it is sufficient:* 53 S. C., 51; 54 S. C., 599; 51 S. C., 306; 49 S. C., 285; 48 S. C., 364; 75 S. C., 418, 307; 76 S. C., 285; 73 S. C., 215. *Railroad acquired 100 feet on each side of track:* 4 Rich., 107; 55 S. E. R., 263. *It is not every obstruction that will defeat an easement:* 67 S. C., 553; 22 S. C., 547; 67 S. C., 505; 63 S. C., 267. *As to refusal of new trial:* 42 S. C., 145; 54 S. C., 81; 77 S. C., 556; 69 S. C., 116; 57 S. C., 427; 51 S. C., 549; 75 S. C., 407.

March 18, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY.   The facts are thus stated in the decree of his Honor, the Circuit Judge:

"This is an action on the equity side of the court, brought to require defendant to remove a fence off the right of way of plaintiff, which is a corporation operating a railroad between the cities of Columbia and Greenville, in the State of South Carolina, and known formerly as the Columbia and Greenville Railroad.   Counsel agreed upon the following issues, which were submitted out of chancery, to a jury, viz.:

1. "Is the fence erected by defendant, on or about March 8, 1904, on the right of way of plaintiff?

2. "Has plaintiff ever been in possession of said land as right of way?

3. "Has plaintiff ever abandoned the right of way upon which the fence is erected?

4. "Has the defendant, his ancestors or grantors, been in adverse possession of the land in dispute, for a period of ten (10) years, before the commencement of this action, under claim of title and right of the premises?

5. "Has the defendant, his ancestors or grantors, been in adverse possession of the land in dispute, under claim of title and right of the premises, for a period of forty (40) years, before the commencement of this action?

"The jury answered 'yes' to the first two questions and 'no' to questions 3, 4 and 5.   In other words, they find that plaintiff is in possession of the land as a right of way upon which the fence is erected, and has never abandoned the same; that the defendant, his ancestors, grantors and predecessors, have not been in adverse possession of the land in dispute for a period of ten years, nor for a period if forty years, before the commencement of this action under claim of right and title to the premises.   It followed that plaintiff is entitled to the relief demanded in the complaint."

The defendant appealed upon exceptions which will be set out in the report of the case.   They will be considered in regular order.

*First and Second Exceptions:* In the first place, if the testimony could be regarded as material, its tendency was to benefit *the defendant,* by showing that the use of the property had not been necessary to the plaintiff's enjoyment of its rights, until the action was commenced, and for this reason it had been theretofore abandoned. The defendant can not, therefore, complain that the testimony was prejudicial to its rights.

In the second place, the Court of Common Pleas, in the exercise of its chancery powers, can award compensatory damages. *Bird* v. *R. R.,* 8 Rich. Eq., 46; *McClellan* v. *Taylor,* 54 S. C., 430, 32 S. E., 527; *Railroad Co.* v. *Victor Mfg. Co., ante,* 266. Such damages may be recovered after the commencement of the action when the injury is continuous in its nature. *Puckett* v. *Smith,* 5 Strob., 26; *Bratton* v. *Catawba P. Co.,* 80 S. C., 260. And it is not necessary to allege those damages, that are the direct result of, and incidental to, the wrongful act. *Levy* v. *Legg,* 23 S. C., 282; *Norris* v. *Clinkscales,* 47 S. C., 488, 25 S. E., 797; *Welborn* v. *Dixon,* 70 S. C., 108, 49 S. E., 232.

The testimony was competent upon the question, whether the plaintiff suffered damages after the commencement of the action.

The fact that the plaintiff did not insist upon the recovery of damages, did not render testimony prejudicial to the rights of the defendant incompetent which otherwise would have been competent.

*Third and Fourth Exceptions:* His Honor, the Circuit Judge, refused to charge the requests on the ground that they were inapplicable. In so far, however, as they were applicable, the appellant received the benefit of them in other portions of the charge.

*Fifth Exception:* The presumption was that the plaintiff, or its predecessors, took one hundred feet on each side from the center of the track. *Harman* v. *R. R.,* 72 C. C., 228, 51 S. E., 689; *Railroad v. Victor Mfg. Co., ante,* 266.

*Sixth Exception:*   The rights of the owner of the fee and the railroad company are thus clearly stated by Mr. Justice Jones in the case of *Railway v. Beaudrot*, 63 S. C., 266, 269, 41 S. E., 299: "Having a mere easement in the land, plaintiff's right of possession is not exclusive, except in so far as the land covered by the right of way is actually needed for the purpose of constructing, operating or maintaining the railroad. Subordinate to this right, acquired under the State's eminent domain, the owner of the fee has the right to the use and possession of the land covered by the right of way, for any purpose not incompatible with the purposes for which the easement was granted or acquired. * * * As already stated, it appears in the 'Case' that the defendant had erected within the alleged right of way a substantial fence, enclosing what defendant claimed, exclusive of any right therein by plaintiff. Such an assertion of right to exclusive occupancy of the land is not compatible with the right of easement belonging to the plaintiff. If such adverse holding should run for the statutory period, the easement would be defeated. We do not say that the mere use or cultivation of land within the right of way acquired by a railroad company, is such adverse use as would give currency to the statute of limitations, unless the use is inconsistent with the easement, but we do say that the enclosing of land within the right of way, under a claim of exclusive right to use and occupation, and a refusal to remove the enclosure after the demand therefor, is some evidence of the assertion of a claim, incompatible with plaintiff's alleged easement, under which the issues raised ought to have been submitted to the jury."

There must be more than a mere obstruction before it can ripen into a right. The assertion must be of an exclusive occupancy, in order that the adverse holding for the statutory period may have the effect of destroying the easement. As the charge stated a correct proposition of law, it can not be said that it was a charge upon the facts.

*Seventh Exception:* The charge of the presiding judge merely eliminated from the consideration of the jury the question whether the defendant was a purchaser for valuable consideration without notice, and the appellant has failed to show that the charge was prejudicial to his rights, as he did not interpose such defense.

*Eighth Exception:* Even conceding that the charge was erroneous, it was not prejudicial to the appellant, as he did not rely upon mere nonuse for the statutory period.

If the appellant desired the presiding judge to charge "that nonuse is a fact or circumstance which should be taken into consideration by the jury like any other fact or circumstance in determining the question of abandonment," he should have presented requests to that effect.

*Ninth Exception:* Not only is the law correctly stated in said charge, but even if there was error, it was not prejudicial to the rights of the appellant.

*Tenth Exception:* The appellant has failed to show that the charge may have had an undue influence upon the verdict of the jury.

*Eleventh, Twelfth, Thirteenth and Fourteenth Exceptions:* These merely involve questions of fact that were determined by the verdict of the jury.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.