### 7656

### WYATT v. CELY.

1. EVIDENCE—DEEDS—DECLARATIONS.—In an action to enjoin the obstruction of an alley, a deed conveying an adjoining lot containing declarations about an alley at another place if the one in question was not opened, is not competent to show the alley in question was not opened, nor is its record competent to show notice to that effect.
2. IBID.—ALLEY.—The evidence being a house which had been burned was situated in part where an alley was claimed to be, it is not error to rule out evidence tending to show that if the house had been rebuilt in the same locality no alley could be located there.

3. IBID.—DECLARATIONS of one partner in a business conducted on a lot owned by the other partner as to an alley leading across another lot to the business are not binding on the owner of the dominant lot.

4. INJUNCTION—DAMAGES—ALLEY.—In an action to enjoin the obstruction of an alley on the ground that it is a public way the plaintiff must show some damage to himself different not only in degree but in kind from that suffered by the public by reason of such obstruction.

5. PRESCRIPTION—ADVERSE USE.—RIGHT OF WAY by prescription over an unenclosed city lot arises in favor of the public from the continued use thereof by the public for twenty years without showing adverse use.

6. ISSUES.—Where a party does not complain of the form of issues submitted to a jury at time of framing he cannot do so afterwards.

7. NONSUIT—VERDICT.—That there is no evidence to support a cause of action must be raised by motion for nonsuit or to direct a verdict on Circuit.

Before C. C. FEATHERSTONE, Special Judge, Greenville, June, 1909.

Action by John G. Wyatt against Alice M. Cely. From order of injunction, defendant appeals.

*Mr. B. A. Morgan,* for appellant, cites : *Plaintiff must show damages peculiar to him:* 48 S. C., 560; 1 Hill, 365; 30 S. C., 545; 46 S. C., 328. *User must be adverse:* 1 Chev., 1; 32 S. E., 424; 6 Rich., 401; 1 Bail., 58, 341; 41 S. C., 20; 53 S. C., 514; 63 S. C., 454; 76 S. C., 387. *Framing verdict:* 63 S. C., 466; 70 S. C., 216.

*Messrs. Cothran, Dean & Cothran,* contra. Oral argument.

August 12, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This action was brought to enjoin the obstruction of an alley in which plaintiff claimed

an easement on the grounds: 1. That it was appurtenant to his lot, because it was substituted for another way which had been dedicated to the use of his lot.   2. By prescription in himself and his grantors.   3. By prescription in the public.

The following issue was submitted to a jury: "Is the plaintiff entitled to an easement in the land in dispute as claimed in the complaint?"   To which the jury answered "yes."   Thereupon, a perpetual injunction was issued.

To clearly understand some of the questions presented by the appeal, it will be necessary to have in mind the location and description of the lots affected by this litigation, and the origin and history of the alley.   About the year 1876, a lot in the city of Greenville, owned by the heirs of John McKay, was subdivided and sold for partition.   It was a parallelogram in shape, fronting 109 feet on Pendleton street, which was on the south, and extending back to Rhett street, on the north.   For the purposes of the sale, it was divided into four lots and an alley, and platted accordingly. The alley was eight feet wide and was laid off on the eastern edge of the lot and extended from Pendleton to Rhett street.   Three lots were laid off on Pendleton street, each fronting thereon 33 2-3 feet and extending back 100 feet.   These were numbered on the plat from west to east, 8, 9, and 10—number 10 being next to the alley.   The balance of the original lot was numbered 11.   There was testimony tending to show that the lots were sold with reference to this plat.

At the time of the sale there was a house on lot No. 10, which covered nearly the whole width of that lot and extended four feet into the alley.   This alley, therefore, was never opened.   The house was subsequently destroyed by fire, being owned at the time by J. A. Speegle.   The plaintiff contended that an alley eight feet wide on the west side of lot No. 10 was substituted for the one shown on the plat on the east side of that lot.   This substituted alley extends

back only 100 feet to the back line of the lots fronting on
Pendleton street and there connects with an alley which
runs east to River street. The defendant now owns lot No.
10, and was proceeding to build thereon and obstruct the
alley, when this action was brought.

The defendant offered in evidence a deed, dated May 10,
1883, from Frank Hammond (who owned the property
east of the McKay property) to J. A. Speegle, in which he
recites that he had that day sold a lot to Speegle, and
grants him a way from said lot to Rhett street, pro-
vided J. M. McGhee, who was then the owner of lot
No. 10, would not consent that an alley be opened through
said lot to Pendleton street. The deed was excluded on the
ground that it was *res inter alios acta,* and amounted to noth-
ing more than the declarations or admissions of Hammond
and Speegle that there was no alley over lot No. 10 at that
time. The Court further held that the record of said deed
was not competent as evidence to show notice to plaintiff
that no alley existed at that time. The deed was properly
excluded for the reasons stated. We do not see how the
record of this deed could be notice to plaintiff of the declara-
tions therein contained. The title to this lot was not derived
through that deed and could, in no wise, be affected by the
recitals therein. But Mr. Hammond, the maker of the
deed, did testify, without objection, to everything that could
have been inferred from the recitals of the deed. He said
he went to McGhee, and asked him to put an alley through
there; that he at first consented, but afterwards declined;
that he then offered to pay him to do so, and he declined.
The same, in substance, was testified to by W. H. Charles, a
witness for plaintiff, on cross-examination by defendant.
So that, even if the deed had been competent, its exclusion
would not, under the circumstances, have been reversible
error.

Defendant asked R. A. Means this question: "Would
there have been an alleyway leading from Pendleton street

to the back of this lot (lot 10), if Mr. Speegle had rebuilt his house where it stood when it was burned?" The answer was excluded. We see no error in this ruling, because it was admitted on all sides that this house covered nearly the entire width of lot No. 10, and extended four feet into the alley originally laid off. Therefore, it followed as an indisputable fact that, if it had been rebuilt as it originally stood, there could have been no alley on lot No. 10. The contention of the plaintiff was not that the alley shown on the plat was ever opened, but that, inferentially, because it could not be opened on account of the house, and from the conduct of the parties in interest afterwards, an alley on the western side of that lot was substituted for the one originally laid off.

Defendant offered to prove by W. H. Cely certain declarations made to him by S. M. Wyatt, plaintiff's partner in the livery business conducted on plaintiff's lot, with regard to the alley and an offer to buy it. Clearly these declarations were incompetent. The partner had no interest in the lot, and his declarations or implied admissions were not competent to bind the owner of the lot.

Error is imputed to the Court in allowing plaintiff to testify to consequential damages to the livery business of the partnership, conducted on his lot, by the obstruction of the alley. As the jury found no damages, and as they were explicitly instructed that to succeed in this action on the ground that the alley was a public way, plaintiff must prove some damage to himself different not only in degree, but in kind, from that suffered by the public by reason of the obstruction thereof, the exceptions raising this point appear to be without force. The instruction as to the kind of damages which plaintiff was bound to prove to succeed on the ground that the alley was a public way was clearly in accord with the law as declared by this Court. *Gray* v. *Ry.,* 81 S. C., 370, 62 S. E., 442, and cases cited.

The next assignment of error is in charging the jury that a right of way by prescription over an open, unenclosed city lot arises in favor of the public from the continuous use thereof by the public for twenty years, and that it need not be shown also that such use was adverse. That this was a correct statement of the law, see *State* v. *Rodman,* 86 S. C., 154, and cases cited.

Appellant complains of the form of the issue submitted to the jury, contending that it is impossible to tell from the finding on what ground the easement was established. It does not appear that appellant made any objection to the form in which the issue was submitted, or requested its submission in any other form. Therefore, she cannot now complain. *Williams* v. *Haile Gold Mining Co.,* 85 S. C., 1.

The last exception charges error in refusing a motion for a new trial made upon the ground that there was no evidence to sustain either of the causes of action. It does not appear that any motion for nonsuit or for the direction of the verdict was made upon that ground. Therefore, under rule 77 of the Circuit Court. which requires this ground of objection to be raised first by motion for nonsuit or for the direction of a verdict, the point is not properly before this Court. But, waiving the objection, we find that there was evidence tending to establish each of the causes of action.

Judgment affirmed.