## SITTON v. LINDLEY.

### No. 90.

District Court, W. D. Missouri,
Southwestern Division.

June 24, 1941.

Trusty, Pugh, Green & Trusty, of Kansas City, Mo., and Dalton DeShazer, of Joplin, Mo., for plaintiff.

Dale Tourtelot of Joplin, Mo., for defendant.

REEVES, District Judge.

This case was tried without a jury by an agreement of the parties. Plaintiff claims damages for personal injuries. On the 8th of January last plaintiff was driving a transport truck northwardly on Highway Number 71. At a point about one mile south of the boundary line between Jasper and Newton Counties he had a collision with a truck and trailer being operated on behalf of the defendant. In this collision he was rendered unconscious, suffered a severe cut on the left side of his head and also injuries to the lower part of his back.

According to the testimony of the plaintiff and that of other witnesses who testified on the question of liability, the truck with trailer operated by defendant's agent was going south on said highway and the driver thereof had permitted his truck to run to the left of the center and within the line of travel for traffic going north.

Plaintiff testified that the side of the trailer when he observed it was "two or three feet over the center line" and that within approximately 200 feet "he shot into me." Plaintiff said he tried to guide his truck to the right or to the east side of the highway so as to avoid a collision but was unable to do so. When the accident was over measurements showed that from the point of collision the truck driven by plaintiff had run 41 steps toward the north and that it had traveled 23 steps before it entirely left the pavement. It continued a distance of 18 steps after it left the pavement. The truck driven by plaintiff was destroyed by fire. The truck operated by defendant's agent went southwardly 18 steps after the collision before it was stopped. Skidmarks on the pavement showed that defendant's truck was being operated partially on the east side as testified by plaintiff.

The collision between the two vehicles was quite destructive. On the question of liability there was no countervailing proof as against the testimony of the plaintiff and his witnesses. Plaintiff's petition charged that the collision was caused by failure of defendant's driver to keep a reasonably sufficient lookout, failure to exercise proper care, and operating defendant's vehicle to the left of the center of the highway. These averments were supported by the evidence.

While plaintiff has sundry averments relative to injuries sustained by reason of the collision yet the testimony limits such injuries to head and back injuries. These, and especially the latter, according to the evidence were quite severe. At the time of the trial, June 10th and 11th, 1941, a large scar on the left side of plaintiff's head near the hairline was easily observable although the wound had healed. After the accident plaintiff was taken to the hospital at Carthage, where he remained for 29 days and incurred an expense in the sum of $116.65. Thereafter he spent ten days in the Research Hospital at Kansas City,

where he incurred an expense of $47.65. He paid $45.90 for a brace, and contracted fees to physicians in the amount of $250, being $100 to Dr. Zuber and $150 to Dr. Baker. Other expenses were not enumerated.

Plaintiff wore a cast from the time of the injury until March 3rd. After that, a back brace was placed on him and he is still wearing that. He has been able to do no work since receiving his injuries. His motions are limited and he cannot stoop down without pain. The physicians, both for plaintiff and defendant, are in substantial agreement as to the condition of his back. Those who testified for plaintiff said that he had sustained a compression fracture involving the 9th, 10th and 11th dorsal vertebrae. Physicians for defendant said that they discerned from the X-rays injuries to the 8th, 9th and 11th dorsal vertebrae. The physicians testifying for plaintiff ascribe the condition found by them as due to the accident. Physicians testifying for the defendant said the appearances were such as to cause doubt as to whether the conditions might not have existed before, although they were of the opinion that the accident may have caused the condition which they found. There was evidence of permanency. Many lay witnesses testified that the plaintiff, who is now 22 years old, was able, active and an industrious worker with rather unusual strength before, while since the accident he has been unable to work. There was evidence that immediately after the accident both the symptoms, subjective and objective, were not as great as disclosed and noticed at a later time. This conformed to the history of injuries of the character mentioned.

Other facts will be stated in the course of this memorandum opinion.

■ 1. On the question of liability it is obvious that a finding should be made in favor of the plaintiff. The evidence shows without contradiction that the driver of defendant's truck and trailer was carelessly operating his vehicle to the left of the center of the highway and within the line of travel occupied by the vehicle operated by plaintiff. Plaintiff was unable to avoid a collision. There was no evidence that any act of plaintiff contributed to bring about the collision. There is therefore upon this record no question of liability.

2. The difficult problem is a proper ascertainment of damages. Plaintiff has been in hospitals an aggregate of 39 days. He has been unable to work for a period of five months and is still wearing a brace. Before that he was in a cast, the object of which was to compel immobility. He suffers pain and is unable to bend over without suffering. The brace worn by him undoubtedly accounts for some of his present immobility. That he suffered a compression fracture in the lumbar region of his back can hardly be questioned. Defendant's experts thought that the condition might have existed before the collision. Lay witnesses said that prior thereto plaintiff had been strong and active but since that time had been stiff and immobile. The only reasonable conclusion is that the condition disclosed by the X-ray photographs was produced by the injury. For the most part the physicians said that the condition was permanent. This no doubt can and will be improved by exercise and use. This forecast is justified by the age and otherwise good health of the plaintiff. There was evidence of numbness in plaintiff's left leg, and that he was nervous and did not sleep well following the accident. Dr. Zuber testified that a spine operation might be necessary to remove elements that may ultimately cause pressure on the spinal cord.

In the case of Oberg v. Northern Pac. Ry. Co., C.C., 136 P. 981, 983, the District Court considered without the use of a jury the question of damages suffered by the plaintiff there in a railroad accident. It was a spine or back injury. The symptoms were somewhat similar to those of plaintiff here although the injuries were not as well defined as here. The physicians there were in complete disagreement. The court caused an examination to be made by six physicians appointed by it. Because of the conflicting opinions as to the cause of plaintiff's suffering, the court finally said:

"This, at least, is certain: the plaintiff sustained in the accident a shock so serious that he was obliged to have medical attention for some months—a part of the time in the hospital. He seemed in a dazed condition, and was spitting blood after the accident. * * * He presents in a very marked degree, to the ordinary observation, the appearance of a man who is suffering from some physical trouble. He

has been made incapable of work since the accident, which occurred in August, 1903, and has in the meantime been in a condition of marked debility."

The court concluded that compensatory damages should be allowed in the sum of $10,000. This was on April 19, 1905. An allowance at that time would necessarily be more conservative than an allowance at this time when the dollar has less value and living expenses are much higher.

The Springfield Court of Appeals, in the case of Nibler v. Kansas City Southern R. Co., 197 Mo.App. 696, 193 S.W. 598, 601, considered the question of damages on a case similar to this. That court upheld a verdict for $6,500 in favor of a locomotive fireman who suffered a back injury. There were no objective symptoms in that case. Even the X-ray did not disclose the nature of the injury. But the court said: "There is no semblance of evidence that he was not a strong, healthy man prior to the injury, or that he had any other trouble that helped to aggrevate and bring about the condition he swears he is now in."

Upon the authority of Westervelt v. Transit Co., 222 Mo. 325, 121 S.W. 114, the court said the amount of the verdict was solely a question for the jury and that it was not excessive in view of plaintiff's testimony.

In the Nibler case, supra, the plaintiff worked for some time after his injury. He was compelled to quit because he "suffered much from a hurting in his back in the dorsal-lumbar region." Developments in the Nibler case correspond to a degree with the developments in the case now being considered. For more than five months the plaintiff has been unable to work, and during that time has either been in a cast or has been wearing a brace. He has lost time and has either expended, or become liable for the expenditures of considerable sums of money.

A careful examination of the reported cases on the question of damages reveals a wide and an almost inexplicable variance as to the amounts allowed.

In the Oberg v. Northern Pac. Ry. Co. case, supra, the court allowed $10,000 where there was marked conflict in the evidence as to the extent of the injuries. There is no such conflict in this case. The able physicians who testified for defendant thought that the injuries were to the 8th, 9th and 11th dorsal vertebrae, whereas plaintiff's physicians thought the injuries were to the 9th, 10th and 11th dorsal vertebrae. All agreed that the injury was serious, but defendant's physicians thought the condition might have existed before. The inference, however, is inescapable that the accident was the cause of the injury noted.

In view of the serious hurt and the disabilities suffered by plaintiff and in view of the collated precedents an allowance of $12,500 would appear to be reasonably compensatory. Such an amount will be allowed, and a judgment may be entered for that amount, together with costs.