**TOWN OF NINETY SIX, Appellant,**

v.

**SOUTHERN RAILWAY COMPANY,**
Appellee.

No. 7820.

United States Court of Appeals
Fourth Circuit.

Argued March 19, 1959.

Decided June 8, 1959.

**580**

Marshall T. Mays and Cary C. Doyle, Greenwood, S. C., for appellant.

Thomas H. Pope, Columbia, S. C. (Frank G. Tompkins, Jr., Columbia, S. C., and Robert D. Schumpert, Newberry, S. C., on brief), for appellee.

Before SOPER, Circuit Judge, and BOREMAN and STANLEY, District Judges.

STANLEY, District Judge.

The plaintiff, Southern Railway Company, a Virginia corporation, instituted this action in the United States District Court for the Western District of South Carolina to enjoin the defendant, Town of Ninety Six, a South Carolina municipal corporation, from further construction of certain buildings upon plaintiff's right-of-way, and from asserting any claim or control in or to the right-of-way of the plaintiff running through the Town of Ninety Six. The plaintiff alleged that it is vested with a right-of-way one hundred feet in width on each side of the center line of its main track in the Town of Ninety Six. In its answer, the defendant alleged that the plaintiff's right-of-way at the point in question was limited by written agreement to thirty feet from the center line of its track, and set up the defenses of adverse possession and estoppel. Jurisdiction was based on diversity of citizenship.

At the conclusion of the evidence, the defendant moved for a directed verdict. The motion was denied and the case was submitted to the jury on a special issue as to whether the plaintiff had proved by a preponderance of the evidence that there was no agreement between it and the owner of the land in question at the time the railroad was constructed. The jury answered the special issue in the affirmative. The defendant then moved to set aside the verdict of the jury and to enter judgment in its favor, or in the alternative to set aside the verdict and grant the defendant a new trial. The motions were denied and judgment was entered for the plaintiff on the special verdict. This appeal followed.

The District Judge found that there was no evidence of adverse possession or of estoppel, and these defenses have been abandoned by the defendant.

The defendant makes two principal contentions in this court. It first contends that the plaintiff failed to sustain

the burden upon it of proving affirmatively that a contract never existed concerning the acquisition of its right-of-way. This question was raised on defendant's motion for a directed verdict. It is next contended that the District Judge erred in not admitting certain evidence offered by the defendant. For an understanding of the points involved, a brief recital of the facts is necessary.

In 1845 the General Assembly of South Carolina, by Act No. 2953, XI Statutes at Large, chartered the Greenville and Columbia Railroad Company. This act provides, in part, as follows:

"That in the absence of any written contract between the said company and the owner or owners of land through which the said railroad may be constructed, in relation to said land, it shall be presumed that the land upon which the said railroad may be constructed, together with 100 feet on each side of the centre of said road, has been granted to said company by the owner or owners thereof and the said company shall have good right and title to the same (and shall have, hold and enjoy the same) unto them and their successors so long as the same may be used only for the purposes of the said road * * *."

The Greenville and Columbia Railroad Company constructed its railroad line, including the line running through the Town of Ninety Six, pursuant to the provisions of the above act.

The plaintiff, Southern Railway Company, by deed dated July 10, 1894, acquired all of the rights-of-way acquired and owned by the Greenville and Columbia Railroad Company under its charter, but the deed of conveyance to the plaintiff made no specific reference to the widths of the rights-of-way.

The specific land in question is situated north of plaintiff's railroad track between Cambridge and Saluda Streets in the Town of Ninety Six, Greenwood County, South Carolina.

The archives of the plaintiff do not reveal the exact date of the construction of the line, and fix the date of the construction through the Town of Ninety Six between 1845 and 1853, and the date upon which the railroad was opened for operation as December 1853. Information compiled by field research by the plaintiff in 1915 shows that the owner of the land in question at the time the railroad was built was either James McLennon or James Gilliam.

A search of the records and files of the plaintiff revealed no agreements of any kind relative to the width of the right-of-way of the Greenville and Columbia Railroad Company, or its successors in title, at the place in question, except a number of license agreements executed by the plaintiff, or its predecessors or lessees, from 1882 to 1934. These agreements permitted the construction of various warehouses, utility lines or other improvements in the area lying between Cambridge and Saluda Streets in the Town of Ninety Six. Three of these agreements were between the plaintiff and defendant, and incorporated by reference plats specifically showing the railroad's right-of-way as being 100 feet north of its track between Cambridge and Saluda Streets. The first of these agreements with the defendant was in 1917 and the last was in 1931. When the defendant first made inquiries as to the records contained in the archives of the plaintiff relating to the premises in question, the plaintiff did not at first locate two of the earlier agreements.

The plaintiff and its predecessors have never deeded any part of the 100 foot statutory right-of-way over the land in question to anyone else, have never, by contract or agreement, relinquished any part of it, and have never lost any of such right-of-way by any type of judicial action, including condemnation.

■ Based on the foregoing facts, which were largely stipulated, the defendant first contends that the District Court erred in holding that there was sufficient evidence upon which the jury

could find that the plaintiff had sustained the burden of proving by a preponderance of the evidence that a contract never existed concerning the acquisition of its right-of-way. While the charter of the railroad provides that it shall be presumed that a right-of-way of 100 feet on each side of the center of the tract was obtained in the absence of a written contract, and this presumption has been held valid in numerous decisions of the South Carolina Supreme Court, it has also been repeatedly held that the railroad has the burden of affirmatively proving the absence of a written contract. Atlantic Coast Line R. Co. v. Dawes, 1916, 103 S.C. 507, 88 S.E. 286; Southern Railway Co. v. Gossett, 1908, 79 S.C. 372, 60 S.E. 956; Atlantic Coast Line R. Co. v. Searson, 1926, 137 S.C. 468, 135 S.E. 567, and Atlantic Coast Line R. Co. v. Little, 1940, 195 S.C. 455, 12 S.E.2d 7. The defendant concedes that the District Judge properly charged the jury as to the burden of proof concerning the absence of a written contract, but contends that the plaintiff failed to sustain this burden since its only evidence consisted of the simple statement that it had searched its archives and failed to find such an agreement. The defendant further points to other evidence in the record showing the incompleteness of the plaintiff's archives and the lack of thoroughness in previous searches, explained only by the fact that the plaintiff had changed archivists.

After carefully examining the record, we think there was evidence legally sufficient to support the verdict of the jury. It was stipulated that there were no recorded agreements limiting the right-of-way to less than the statutory presumption, and that a search of the records and files of the plaintiff revealed no agreement of any kind relative to the width of the right-of-way. As the Trial Judge aptly stated, "How else could the railroad prove the absence of written agreements, except by the way they have done? What else could they have done?"

On a motion for a directed verdict, we must accept as true all the facts favorable to the plaintiffs which the evidence tends to prove and draw all reasonable inferences against the defendants. If more than one reasonable inference can be drawn from the evidence, the case should be submitted to the jury. Bowling v. Lewis, 4 Cir., 1958, 261 F.2d 311; Tennant v. Peoria & P. U. Ry. Co., 1944, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520. "Our inquiry is not whether there was evidence to support a result contrary to the jury's verdict, but whether there was evidence legally sufficient to support the verdict that was found." Utica Mutual Insurance Co. v. Rollason, 4 Cir., 1957, 246 F.2d 105, 110.

The second contention is that the District Court improperly excluded the following evidence offered by the defendant:

(a) Copy of letter from James Gilliam to T. C. Lipscomb, dated September 3, 1872, which was recorded in the office of the Clerk of Court for Greenwood County on May 29, 1905, offered as an ancient document.

(b) Testimony of W. B. Jeter, offered in explanation of recitals as to the width of right-of-way in the three license agreements between plaintiff and defendant.

(c) Other documentary evidence which tends to corroborate the statements in the Gilliam letter with reference to the width of the right-of-way claimed by the plaintiff.

With respect to the Gilliam letter, there was recorded in the office of the Clerk of Court for Greenwood County, on May 29, 1905, what purports to be a copy of a letter from James Gilliam to T. C. Lipscomb, dated September 3, 1872, as follows:

"In answer to your enquiry of last week about the public lands at 96 I have to say that the R. R. claims 60 feet 30 on each side that the balance of the land on each side of the R. R. up to the line of the houses is public property. That the well that is on the corner of the McLennan is public property. That the plat of the village was returned to the Registers office at Abbeville to be record-

ed. There were 24 lots laid out half acre each being 110 feet front & 198 feet back. Title made surveyed & sold at public outcry on the 15 April 1851. Any further information desired I will readily furnish."

The original of this letter is not available. The recorded copy does not contain what purports to be the handwriting of the author. All that is known about the letter is that it was found copied in the public records in the office of the Clerk of the Court of Greenwood County. The defendant offered the recorded copy of the letter as an ancient document and contends that it was admissible as evidence of the facts recited therein. This contention was rejected by the District Court.

■■ The defendant concedes that the letter could only be admitted for the purpose offered as an exception to the hearsay rule since the purported author is dead. It contends, however, that the letter is admissible under the "ancient document" rule, and that this rule constitutes one of the exceptions to the rule on hearsay. There is no merit to this contention under the factual situation here involved. The general rule relating to ancient documents is that writings purporting to be 30 years or more old, if relevant to the inquiry, when produced from proper custody, and on their face free from suspicion, are admissible in evidence, without the ordinary requirements as to proof of execution or handwriting. 7 Wigmore, Evidence §§ 2137–2140 (3d ed. 1940); 20 Am.Jur., Evidence § 932; and 32 C.J.S. Evidence § 744. Thus, the rule, except as it relates to documents purporting to transfer land or other property, deals only with the authentication of the document sought to be proved, and not with its competency or admissibility. 5 Wigmore, Evidence § 1573 (3d ed. 1940); 20 Am.Jur., Evidence §§ 940, 941; and 32 C.J.S. Evidence § 767(b). In other words, it is a rule of authentication and not a rule of admissibility. The fact that an instrument is an ancient document does not affect its admissibility in evidence further than to dispense with proof of its genuineness. 7 Wigmore, Evidence § 2145a (3d ed. 1940); 20 Am.Jur., Evidence § 932; and 32 C.J.S. Evidence § 744. The rule is expressed in King v. Watkins, C.C.Va.1899, 98 F. 913, 917, in the following language:

"The doctrine of admitting ancient documents in evidence, without proof of their genuineness, is based on the ground that they prove themselves, the witness being presumed to be dead. The doctrine goes no further than this. The questions of its relevancy and admissibility as evidence cannot be affected by the fact that it is an ancient document. It is no more admissible on that ground than if it were a newly executed instrument."

The defendant, while recognizing the distinction between authentication of a document and its admissibility in evidence, cites from McCormick's Handbook of the Law of Evidence, where the position is taken that a general exception to the hearsay rule, as related to ancient written recitals, would seem to be a desirable and conservative one. Professor McCormick, however, goes on to recognize that the general rule limits the exception to wills, deeds and other documents purporting to transfer land or personal property. The defendant further refers to several law review articles criticizing the rule which limits the hearsay exception to deeds and similar instruments.

■ What has been offered in evidence is a purported copy of a letter written in 1872 and recorded in 1905. The letter was written by a predecessor in title to the land in question and purports to claim a lesser right-of-way for the railroad than that specified in the charter granted by the State Legislature. It is neither a deed nor a will, and does not purport to deal with the transfer of land or other property. It is clearly inadmissible as evidence of the facts recited therein. There is doubt as to whether the letter was produced from proper custody and is free from suspicion since it

was not found in a place where normally would be found a genuine document such as a letter, and was not recorded for almost thirty-three years after it was allegedly written, and thus does not meet the general requirements of an ancient document, even for the purpose of authentication. Conceding, however, without deciding, that the letter could properly be classified as an ancient document for the purpose of authentication, we think it was properly excluded as hearsay. To hold otherwise would require a departure from the uniform rule dealing with ancient documents.

 Since the District Judge properly excluded the Gilliam letter from evidence, it is not necessary to deal at length with the other evidence that was excluded. The defendant virtually concedes, both in its brief and oral arguments, that if the Gilliam letter was properly excluded the other evidence would be of little significance since it was primarily offered to corroborate the facts recited in the Gilliam letter. The proffered testimony of W. B. Jeter, Town Clerk of the Town of Ninety Six, even if it had been admitted into evidence, would have in no way established a lesser right-of-way for the railroad. The defendant proposed to show by Jeter that the Town of Ninety Six did not concede the claimed right-of-way of the railroad as shown on maps attached to and made a part of the three license agreements between the plaintiff and the defendant, allowing the Town of Ninety Six to establish utility poles and lines across the railroad track. The Supreme Court of South Carolina has followed the rule that parol evidence is not admissible to vary, alter or contradict the terms of a written contract. Heath Springs Light & Power Co. v. Lynches River Electric Corp., 1957, 231 S.C. 34, 97 S.E.2d 79. We think the District Court applied the correct rule in rejecting this parol evidence. The last exception relates to documents in regard to encroachments in other areas. None of the documents relate to the premises lying north of the plaintiff's track and between Cambridge and Saluda Streets,

and they all relate to transactions between parties other than those involved in this action. The defendant only contended that these documents were relevant to corroborate the statements made in the Gilliam letter. Since the Gilliam letter was properly excluded, and these documents relate to transactions between strangers to this litigation, and have no probative value, they were clearly inadmissible. Southern Railway, Carolina Division v. Howell, 1908, 79 S.C. 281, 60 S.E. 677; Wyatt v. Cely, 1910, 86 S.C. 539, 68 S.E. 657; Williams v. Haile Gold Mining Co., 1909, 85 S.C. 1, 66 S.E. 117.

Since the evidence was legally sufficient to support the verdict of the jury, and the Trial Judge correctly ruled on the admissibility of evidence, we find no error.

Affirmed.