Walter CARPENTER, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 530–F.

United States District Court
N. D. West Virginia,
at Fairmont.

Dec. 1, 1959.

HARRY E. WATKINS Chief Judge.

Plaintiff seeks to establish a period of disability under Section 216(i) of the Social Security Act, as amended, 42 U.S. C.A. § 416(i). He claims that disability began on August 12, 1949. His specially insured status, as provided in Section 216(i), terminated June 30, 1951. In order to establish a period of disability, the disability must have existed between August 12, 1949, the alleged date of onset, and June 30, 1951. The question for decision is whether plaintiff has established such disability.

The Bureau of Old-Age and Survivor's Insurance of the Social Security Administration denied the claim on the ground that plaintiff had failed to show that he was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment, as defined by the Statute. Reconsideration of the Bureau's determination was requested by plaintiff and, upon reconsideration, the Bureau affirmed its original determination. Plaintiff disagreed with this determination of the Bureau, and a hearing was held before a Referee, at which plaintiff testified, and submitted additional evidence. At this hearing he was represented by counsel. After the Referee decided that he was not entitled to the claimed disability, and after the Appeals Council denied a request to review the Referee's decision, this action was filed. Upon motion of the defendant, the case was remanded by this Court to the Federal Security Administrator for further administrative action by the defendant, pursuant to Section 205(g) of the Social Security Act (Title 42 U.S.C.A. § 405(g). Additional medical evidence was taken after which the Appeals Council reviewed the case, held that plaintiff was not entitled to the period of disability for which he made application, and affirmed the Referee.

Louis D. Meisel, Fairmont, W. Va., for plaintiff.

Albert M. Morgan, U. S. Atty., and Roderick A. Devison, Asst. U. S. Atty., Fairmont, W. Va., for defendant.

 This Court is precluded from substituting its own conclusions for those of the administrative agency. Congress has provided that a final decision, such as the one by the Appeals

Council, must be accepted as conclusive if there is substantial evidence to support the findings. 42 U.S.C.A. § 405(g). The administrative proceedings are of a fact-finding nature, and are not adversary in form. Analysis of the cases involving the term shows that "substantial" evidence is more than a scintilla, but less than a preponderance. The leading definition of substantial evidence is "enough [evidence] to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." National Labor Relations Board v. Columbian Enameling & Stamping Co., 1938, 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660. Carrying this definition a step further necessitates determining a standard for submission of factual questions to a jury. Here, the ground is more familiar. A recent guide is found in the statement, "if more than one reasonable inference can be drawn from the evidence, the case should be submitted to the jury." Town of Ninety Six v. Southern Ry. Co., 4 Cir., 1959, 267 F.2d 579, 582. Cf. Tennant v. Peoria & Pekin Union Ry. Co., 1944, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520. The Fourth Circuit, on review of the submission of factual questions to a jury, said "Our inquiry is not whether there was evidence to support a result contrary to the jury's verdict, but whether there was evidence legally sufficient to support the verdict that was found." Utica Mut. Ins. Co. v. Rollason, 4 Cir., 1957, 246 F.2d 105, 110. This Court is limited in its review to determining whether there is substantial evidence to support the finding of the Appeals Council, and may not extend review to whether another conclusion is possible—or even more logical—under the record as adduced during the administrative process.

▆▆ From a review of the record as a whole, it appears that there is substantial evidence to support the administrative findings. The fact that claimant was determined to have a total disability by the Workmen's Compensation Com-

missioner of West Virginia is not binding on the Secretary; it is, in fact, of doubtful value as a persuasive factor, inasmuch as the coverage, tests and purposes of the Workmen's Compensation legislation differ markedly from the disability provisions of the Social Security Act. Each agency must make its own determination, and is not bound by the findings of another. This is so even where both agencies are those of the Federal government. Cf. National Labor Relations Board v. Pacific Intermountain Express Co., 8 Cir., 1955, 228 F.2d 170, 176; Lane v. Railroad Retirement Board, 6 Cir., 1950, 185 F.2d 819.

It seems clear that claimant's condition has grown worse since the termination of his specially insured status on June 30, 1951. But the question for decision related to his condition during his specially insured status.

For the above reasons, the motion for summary judgment filed by the defendant is granted.