**James M. PARKER, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 1097.**

United States District Court
S. D. West Virginia,
at Huntington.

June 11, 1962.

Glyn Dial Ellis, Logan, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action under 42 U.S. C.A. § 405(g) of the Social Security Act to review a final decision of the Secretary of Health, Education and Welfare. That decision disallowed plaintiff's claim for a period of disability under 42 U.S. C.A. § 416(i), and the jurisdiction of this court is limited to a determination of whether that decision was based on substantial evidence. 42 U.S.C.A. § 405(g). The court is precluded from having a hearing de novo. See Carpenter v. Flemming, D.C.N.D.W.Va., 178 F.Supp. 791.

The Act, 42 U.S.C.A. § 416(i) provides for eliminating from a person's earning record the period during which he was under a "disability" in computing his average monthly wage upon which the amount of his benefit is based. A discussion of the elements of this statutory disability is contained in Pruitt v. Flemming, S.D.W.Va., 182 F.Supp. 159. For an individual to be eligible for the establishment of a period of disability, the Act requires him (besides being under a "disability" as defined) to have met the special "insured status" contained therein. With respect to this plaintiff, it suffices to say that he will meet the requirements at least until December 31, 1962.

On October 2, 1959, plaintiff filed an application for a period of disability and/or disability insurance benefits, alleging that he first became unable to work in June 1958 because of arthritis, a lung condition and a possible nervous disorder. The Bureau of Old-Age and Survivors Insurance initially and on reconsideration disallowed his application. Since plaintiff had not attained age 50 when he filed his original application, the Bureau did not adjudicate the claim for disability insurance benefits. (Due to the 1960 amendments to the Social Security Act, plaintiff has subsequently filed an application for a period of disability and/or disability insurance benefits, dated September 28, 1960, and the Bureau disallowed this second application on November 8, 1961; however, this application is not before the court at this time.) Following the action of the Bureau, plaintiff requested a hearing, and such a hearing was held on March 1, 1961. On June 30, 1961, the hearing examiner rendered his decision in which he denied plaintiff's application. Thereafter plaintiff requested a review by the Appeals Council and, on September 22, 1961, the Appeals Council declined to review the hearing examiner's decision. That decision thus became the final decision of the Secretary subject to the present judicial review.

■ ■ The medical evidence is conflicting, but there is substantial medical evidence to support the hearing examiner's decision that plaintiff was not disabled as of the time of his application of October 2, 1959. As the hearing examiner noted, there is considerable evidence that plaintiff's impairments up to October 2, 1959, have, since October, 1960, combined with other impairments so as to constitute the required disability within the meaning of the Act; however, the hearing examiner could only consider plaintiff's condition as of the date of his application, and there was substantial evidence that the required disability had not had its onset at that time. The decision of the hearing examiner, in this regard stated, in part:

"It can well be that the claimant as of October 1960 is 'disabled' as defined in the Act, but the hearing examiner has only a jurisdiction to determine an issue of such 'disability' up to the filing date (October 2, 1959) of the application now before him, and it should be noted that a wage earner to be so entitled, must be so 'disabled' six months, on, or before, such a date, or 'pivoting around' such a date.

"It would seem fairly clear from the medical opinions and evidence that the claimant, currently or since October 1960, may be 'disabled' as defined in the Act, due to a combination of physical as well as mental defects, but such an issue can be determined under the unadjudicated application for disability insurance benefits (and for a freeze) in the claimant's file, and filed September 28, 1960."

The hearing examiner did not attempt to pass on plaintiff's application of September 28, 1960, and this court likewise makes no disposition of that application at this time.

The decision of the Secretary, being based on substantial evidence, is affirmed.